RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

SEP 15 2026

KEVIN P. WEIMER, Clerk
By: Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GARTH COOPER<br>PRINCE A.R. MEDUTY<br>Plaintiffs,<br><br>vs.<br><br>FULTON COUNTY CLERK OF SUPERIOR & MAGISTRATE COURTS<br>CHE' ALEXANDER<br>136 PRYOR STREET<br>ATLANTA GEORGIA 30303<br><br>TASHA A. DUGGAR, DIRECTOR OF REAL ESTATE AND LAND RECORDS<br>136 PRYOR STREET<br>ATLANTA GEORGIA 30303<br><br>FULTON COUNTY<br>136 PRYOR STREET<br>ATLANTA GEORGIA 30303<br><br>Defendants | CASE NO. 1:26-CV-5327<br><br>COMPLAINT FOR DAMAGES<br>CIVIL RIGHTS VIOLATIONS<br>42 SECTION 1983<br><br>TRIAL BY JURY OF 12 PERSONS<br>**WRITTEN DEMAND**<br><br>**RULE 38** RIGHT TO A JURY TRIAL. **RULE 48** NO BENCH |

**Federal Rule of Civil Procedure Rule 38. Right to a Jury Trial**

Plaintiff's written demand under Federal Rule of Civil Procedure 38.

Rule 38 preserves the right to parties inviolate to a trial by a jury of peers in civil cases, as declared by the Seventh Amendment to the U.S. Constitution. This rule

ensures that factual disputes in legal claims are decided by a jury consisting of 6 to 12 people under Rule 48 rather than a judge alone. (No Bench Trial)

Plaintiff's written demand is in accordance with Rule 5(d) and applies to all triable issues. Under Rule 39, once a jury trial is demanded, the action is designated as a jury case on the docket.

Prepared and submitted by:

Garth Cooper
3564 Wesley Chapel Rd,
Suite E-102
Decatur, Georgia 30034

Prince A.R. Meduty
2566 Shallowford Rd N.E.
Suite 104, Unit 186
Atlanta Georgia 30345
404 988 9584

RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta
SEP 15 2026
KEVIN P. WEIMER, Clerk
By: DBJ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GARTH COOPER
PRINCE A.R. MEDUTY
Plaintiffs,

vs.

FULTON COUNTY CLERK OF SUPERIOR
& MAGISTRATE COURTS
CHE' ALEXANDER
136 PRYOR STREET
ATLANTA GEORGIA 30303
OFFICIALLY & INDIVIDUALLY

TASHA A. DUGGAR, DIRECTOR OF
REAL ESTATE AND LAND
RECORDS
136 PRYOR STREET
ATLANTA GEORGIA 30303
OFFICIALLY & INDIVIDUALLY

FULTON COUNTY
136 PRYOR STREET
ATLANTA GEORGIA 30303

Defendants

CASE NO. 1:26-CV-5327

COMPLAINT FOR DAMAGES
CIVIL RIGHTS VIOLATIONS
42 SECTION 1983

TRIAL BY JURY OF 12 PERSONS
DEMANDED HEREIN
NO BENCH TRIAL

**INTRODUCTION & OPENING STATEMEMT**

This is an action brought by Plaintiffs against the Fulton County, Fulton County Clerk, Fulton County director of real estate and land recorders and staff as title examiners for breach of duty, deliberate indifference, and omissions related to

a cloud in the chain of title of Plaintiffs caused by Defendants improper recording and indexing ineligible and invalid conveyance deeds without verifying authority causing trespass, stolen real property, homeless, and slander of title.

At all times relevant herein the Defendants as county clerk, director, and real estate and land recorders are elected government officials and serve as the official custodians of public records for their respective county jurisdictions, with duties mandated by State law. The Defendants failures, breach of duty, and disregard of established protocols in their official municipal policies caused Plaintiffs to suffer physical, property and economic loss, and in so doing, violated Plaintiff's human rights, rights protected under the Constitution, particularly under the 4th, 5th, 6th or7th, 8th, 9th, and section 5 of 14th Amendments warranting action under 42 U.S.C §1983, See ***Monell v. Dep't of Soc. Servs. Of N.Y.C.* 436 U.S. 658, 694 (1978)**

Be it known, Defendant Fulton County as a government entity is responsible for the failure to properly train and supervise its clerk, director, and title examiners in the proper filing and indexing of valid and eligible to be recorded real estate conveyance documents in the chain of title. Each of the state officials herein have sworn an "oath of office" in regards to their duties and therefore each of their acts under "color" of state law is in direct violation of their oath of office and equates to a pattern of unconstitutional conduct resulting in foreseeable harm to Fulton county

home owners alike in the imperfectly recording of false, ineligible and unverified conveyance deeds causing slander of title and property theft.

## *I.* JURISDICTION and VENUE

**1.** Plaintiffs brings this action pursuant to sections 1983, 1985, 1986, and 1988, and invokes the jurisdiction of this court pursuant to Title 1 28 USC Section 1343 (A) (3) (4), Section 1331, and pursuant to the 14th Amendment, Title 42 USC Section. 1983, and the Civil Rights Act of 1870. At all times relevant, all of the causes of action were committed within the geographical jurisdiction of this court.

## *II. PARTIES*

**2.** Plaintiff, Garth Cooper, herein after "Mr. Cooper", at all times relevant herein, is the Principal and before being forcefully removed by Fulton county order and sheriffs lived at 110 Holcomb Ct Alpharetta Georgia 30022 subject property in question.

**3.** Plaintiff, Prince A.R. Meduty, here after “Mr. Meduty” at all times relevant herein, before being forcefully removed by Fulton county order and sheriffs lived at 110 Holcomb Ct Alpharetta Georgia 30022 and was/is the registered statutory trustee and agent of Mr. Cooper.

**4.** Defendant Che’ Alexander Clerk of Superior and Magistrate Courts, herein after "Ms. Alexander", at all times relevant to this complaint, was acting as a Fulton County Superior and Magistrate Clerk as an elected government official

with duties mandated by state law. The actual recording is the duty of the clerk. Ms. Alexander is being sued individually and in her official capacity.

**5.** Defendant Fulton County, herein after "County", at all times relevant to this complaint, was, and is, a Government municipal corporation of the State of Georgia. Fulton County government serves as the official custodians of public records for its respective county jurisdiction, which properly filed records and constructive notice duties are mandated by state law and is responsible for compensating, enriching, rewarding, and making policy for Defendants as the Clerk, Director, and staff. The Fulton County government entity is being sued as a person.

**6.** Defendant Tasha A. Duggar Director of real estate and land records, herein after "Ms. Duggar" at all times relevant to this complaint, was acting as a duly elected official and was responsible for properly training and supervising its title examiners to know, uphold and enforce official municipal recording policies and codes. Ms. Duggar is being sued individually and in her official capacity.

## III **STATEMENT OF CLAIM**

**7.** Plaintiffs were made aware on September 23rd 2025 that there were two (2) conveyance deeds that were improperly filed at the Fulton County Records Office in and around July and November of 2022 which deeds alleges being executed by the principal (Plaintiff Mr. Cooper), and executing a transfer of title based on an alleged foreclosure on a mortgage, all of which are forensically false and without

Plaintiffs consent, knowledge, or execution. These Fulton County improper and ineligible filings resulted in the trespass and taking of Plaintiffs real property/home by threat, duress and force from orders and directions of the Defendants and its officers. Defendants improperly recorded two (2) conveyances deeds titled "Transfer and Assignment of Deed to Secure Debt" and a 'Deed Under Power' both deeds on its face lacked the requisites for recording in the public records of Fulton County, Georgia. Defendants were reckless, non-compliant, and breached their duties and procedures mandated by State law and Georgia House Bills to verify authenticity, validity, and authority granted by the principal to execute deeds encumbering property. Both aforementioned deeds were on its face invalid, improper and ineligible for recording being absent a bona fide signature of the principal (Mr. Cooper) evidencing and verifying a **voluntary transfer** and an original **valid and attested power of attorney** executed by the Plaintiff (Mr. Cooper) being **attached as an Exhibit** to both conveyance deeds **verifying** explicit language granting authority to file and execute deeds on behalf of Mr. Cooper in the chain of title. Defendants non-compliance and breach of duty of official municipal policies mandated by State laws and House Bill 221 by improperly recording defective deeds and failing to identify irregularities on its face directly caused Plaintiffs to suffer actual physical inhumane treatment, property and economic loss in having their home stolen, trespassed, being forced to abandoned and made homeless, slander of title, libel of credit, and the blatant disregard of no

assistance nor help in person by the Fulton County staff and employees specifically the Clerk and Director.

## IV **FOUNDATIONAL FACTS**

**8**. In its 2017 session, the Georgia General Assembly unanimously passed **House Bill 221** creating the Uniform Power of Attorney Act (UPAA) with support from AARP Georgia and the Alzheimer's Association, Georgia Chapter. Governor Nathan Deal signed the bill into law on May 8, 2017. The UPAA went into effect on July 1, 2017. Its protections apply to **powers of attorney signed on or after July 1, 2017**, that substantially reflect the language of a new **statutory form** power of attorney **(Form 10-6B-70)**. (They also apply to military powers of attorney that are in compliance with federal law.) In 2018, several "clean-up" amendments were adopted, and the Act was renamed the Georgia Power of Attorney Act (**GPAA**). It was enacted with the goals of making powers of attorney easier for agents to use and building **protection for principals against an agent's abuse of power**. The full protections and benefits apply only to powers of attorney signed after July 1, 2017, that follow the language of the **new statutory** form **10-6B-70**. The **GPAA** is found in the Georgia Code at **O.C.G.A. § 10-6B-1 et seq**.

**9**. The Georgia Power of Attorney Act (GPAA), **effective** July 1, 2017, governs the use of powers of attorney for real estate and other transactions. For real estate transactions, a power of attorney **must be** notarized and witnessed by at least one

adult who is not the agent (**GA Code § 10-6B-5**). The power of attorney document must also be **recorded with the county clerk** where the property is located **to be effective** for real estate matters.

**10**. As of July 1, 2015, in order for a power of attorney to be entitled to be recorded, it should be attested in the same manner as deeds. The power of attorney should be attested by an officer as provided in O.C.G.A §44-2-15 and attested by one other witness O.C.G.A. §44-5-30. The power of attorney **must be signed,** notarized, and witnessed as **required** by GA Code §10-6B-5.

**11**. In Georgia, a **valid power of attorney** is **required** to file documents **in the chain of title** in Georgia if the owner is not personally present to sign. The power of attorney needs to be physically attached as an "exhibit" to the deed itself, it must be recorded in the same county's land records (with the Clerk of the Superior Court) as the deed, typically immediately before or alongside it. The **original valid power of attorney must be recorded** with **the deed** when real property is **conveyed** under a power of attorney. If someone is signing for the principal or grantor, such as an agent under a power of attorney or a trustee, documents showing that the signor was empowered to sign should also be filed. This provides public **notice of the agent's authority** and ensures **the deed is valid** for recording as **required** by GA Code §10-6B-6, source code at **O.C.G.A §10-6-2** and further referenced in the Real Property Law institute and State Bar of Georgia publication entitled the Georgia Title Standards sections §8.5, §17.1 & §17.2 which sections

were revised to address the adoption of the Georgia Power of Attorney Act (GPAA) of July 1st, 2017.

**12.** Defendants improperly recorded a 'Transfer and Assignment of Deed to Secure Debt': "If the **execution of any document in the chain of title** is made by an attorney-in-fact, it is better practice that the **title examiner be able to verify** that: the power of attorney is dated, properly executed, witnessed and recorded; empowers the attorney to execute the document; the original power of attorney, or a copy of said, should be recorded as an exhibit to the conveyance document signed under power; and at the time the attorney executed the document, the power of attorney had not been **terminated** of record by the principal."

**12a.** If the power of attorney is used to sign a deed or other document related **to title transfer**, the original, properly executed power of attorney document must be submitted to the county clerk. Photocopies are not acceptable for recording real estate documents. However, Defendants recorded this Transfer deed in the Fulton County real estate and land records **without a valid power of attorney attached as an exhibit,** failed to verify the attorney-in-fact/agent's authority, failed in ensuring the deed was valid for recording, failed to raise objections to the agent, failed in proving the agent had legal authority to convey property, and failed in verifying if the principal was voluntarily transferring their own interest with proof of signature of the principal directly on the deed.

**12b.** Defendants were negligent and breached their duty as the Georgia Power of

Attorney Act mandates that an original power of attorney be presented for recording real estate transactions and be attached as an exhibit alongside the deed a formality necessary and required at §10-6B-6, §10-6B-70, §10-6B-71 and §10-6-2 **verifying agency**. Defendants and its title examiners have a public duty to be knowledgeable, competent, and compliant in upholding there mandated duties and validity requirements under the Georgia laws & procedures thereby should have **rejected such conveyances document** being filed without a valid power of attorney verifying authority to encumber and execute such deed/instrument. This 'Transfer and Assignment' without the signature of Mr. Cooper and without a valid power of attorney alongside as an exhibit was merely based on **assumption and not a novation**. As stated on the first page last paragraph, "*This Transfer and Assignment of Deed to Secure Debt **may** memorialize a transfer made by separate agreement(s), which **may have occurred** prior to this time.*" Prior to this time there was no separate agreement entered into by Mr. Cooper and six (6) months prior to this time Mr. Cooper filed at the Fulton County recorder's office a **'Revocation of Power of Attorney'**.

**12c**. Defendants and its employees were negligent in their inability and failure to exercise the level of care by performing a search at the time the attorney executed the conveyance deed that the power of attorney had not been **terminated of record by the principal** (Mr. Cooper). Not only was there no valid power of attorney attached as an exhibit, a diligent search by Defendants would have shown Mr.

Cooper six (6) months prior to the 'Transfer and Assignment of Deed to Secure Debt' filed at the Fulton County Records office there was present a document entitled '**Revocation of Power of Attorney'** and "**Affidavit of Termination of Agreements and Contracts**' executed under OCGA §10-6B-10 by Plaintiff (Mr. Meduty), the registered Statutory Trustee prohibiting any and all presumed powers and prohibiting any further filings.

**12d.** Defendants' breach of duty, carelessness, and omissions of official municipal policy and mandated State laws by improperly recording transfer conveyance deeds that were clearly invalid on its face and not eligible for recordation. Defendants' reckless conduct amounts to deliberate indifference to the rights of Plaintiffs and gave rise to fraud, theft, trespass and clouded title which was the actual and proximate cause of the harm to Plaintiffs physical suffering, loss of property, and economic loss.

**13.** Defendants three (3) months afterwards again improperly recorded a second deed entitled 'Deed under Power' filed by a company named Village Capital & Investments LLC (VCI) and a man named Nathan Timpson as vice president.

**13a.** In Georgia, a "**deed under power**" refers to a legal instrument used in the context of foreclosure proceedings. The instrument must also contain a valid power of attorney empowering the grantee to conduct the foreclosure sale and execute the deed under power of sale as the attorney in fact for the principal/grantor. It is typically executed by the grantee of a security instrument or any subsequent

assignee thereof, pursuant to a valid power of attorney contained in the security instrument. **The power of attorney must be properly executed and notarized,** and the **agent must have the authority to sign the deed on behalf of the principal.** If someone is signing for the principal/grantor, such as an agent under a power of attorney, documents showing that the signor was **empowered to sign should also be filed**. In some cases, a deed under power may be challenged, for example, if there are claims of forgery or if the security deed is alleged to be invalid. In such instances, the validity of the deed under power may be subject to judicial review.

**13b.** As previously stated, Georgia has a new law on powers of attorney signed after July 1st, 2017 in unanimously passing House Bill 221 creating the Georgia Power of Attorney Act (GPAA) found in the Georgia Code at O.C.G.A .§10-6B-1 et seq. Upon examination of the 'Deed under Power' and the 'Security Deed associated, under O.C.G.A §10-6-2 and the GPAA the following facts are evident and undisputable.

**13c**. "If the **execution of any document in the chain of title** is made by **an attorney-in-fact**, it is better practice that the **title examiner** be able **to verify** that: **the power of attorney** is dated, properly executed, witnessed and recorded; **empowers the attorney to execute the document**; the original power of attorney, or a copy of said, should be **recorded as an exhibit to the conveyance document**

**signed under power**; and at the time the attorney executed the document, **the power of attorney had not been terminated of record by the principal**."

**13d.** There is absent a valid attested power of attorney attached as an exhibit to the 'Deed under Power' recorded by Defendants. There is no record of any GPAA compliant power of attorney recorded as an exhibit to any conveyance document improperly filed in the chain of title by Defendants. There is no record in the State of Georgia evidencing a created agency by Mr. Cooper under O.C.G.A §10-6-2 granting any written explicit authority empowering (VCI), Nathan Timpson, or any person or entity prior which includes and not limited to Mortgage Electronic Registration System (MERS) to execute any deeds and encumber property on behalf of Mr. Cooper. *Emphasis on MERS see #15*

**13e** Any 'POWERS' granted to an agent/attorney-in-fact by the Principal, **both the Principal and Agent must agree** to the acts and responsibilities, and if agent accepts this responsibility and agrees to act for the Principal, **the agent under the new law of the G.P.A.A is required to sign** an date the 'Acceptance of Appointment' contained in the power of attorney on Form §10-6B-71 as required under §10-6B-5, §10-6B-13, §10-6B-19, §10-6B-40 & §10-6B-41.

**13f.** Furthermore, on the 'Deed under Power' page 1 it states that it's ***an "Indenture"***. According to Black's Law Dictionary, an **indenture** is defined as **a deed** to which two or more persons are parties. An indenture is a bilateral or multilateral deed to which two or more parties are bound, and it typically involves

**mutual** covenants, grants, or obligations. For a **valid indenture,** both (or all) parties are generally **required to sign** the instrument. The document is still formally executed by **authorized representatives** of all **principal parties** to be **valid** and **enforceable**. An indenture **requires signatures from all parties to be effective**. **NOWHERE,** is there to be found a bona fide signature by Mr. Cooper on this 'Deed under Power'.

**13g**. The 'Deed under Power' further states "*by GARTH COOPER **acting** through his or her **duly appointed agent and attorney in fact** VILLAGE CAPITAL & INVESTMENT, LLC*". According to Black's Law Dictionary, **duly appointed** refers to the **legal validity** of this appointment, meaning the **agent was selected and authorized** in accordance with specific legal requirements. To be considered duly appointed, the **POA must typically be a written**, witnessed, or notarized document that **clearly identifies the principal and agent**, grants specific powers, and **is signed by the principal**. A duly appointed agent refers to an individual who has **formally accepted** this designation and is currently exercising **authority under a valid Power of Attorney.** Plaintiff (Mr. Cooper) never signed the 'Deed under Power', never authorized the 'Deed under Power', and the filer (VCI) was never duly appointed nor an authorized agent selected by Mr. Cooper, (VCI) never had expressed written authority as attorney in fact to act on behalf of Mr. Cooper, and there was never a formal acceptance of a power of attorney signed, witnessed, or notarized by (VCI) executed on Form §10-6B-71 as required under §10-6-2 and

the GPAA at §10-6B-5, §10-6B-13, §10-6B-19, §10-6B-40 & §10-6B-41 verifying authority to act on Mr. Cooper behalf executing the 'Deed under Power'.

**13h**. Additionally, Defendants failed in completing a diligent search to cross reference the records which reflected that there had been a 'revocation of power of attorney' previously filed by Mr. Cooper nine (9) prior making all filings and instruments afterwards (Deed under Power) null, void, ineligible, false and without authority. After Mr. Cooper's filing of the 'revocation of power of attorney', **all subsequent** filings should have been **REJECTED** by the Defendants and the Fulton county real estate and land records examiners due to lack of proof of authority. Defendants' failure to also train its title examiners, staff, and recorders amounted to deliberate indifference to the rights of Plaintiffs. See **Exhibit #B & #C**

**14**. As regards to an association to a 'Security Deed'. Under **O.C.G.A §11-3-308** 'Proof of Signatures' In addition to there being absent a GPAA compliant valid attested power of attorney within the 'Security Deed' nor a power of attorney on Form §10-6B-70 attached as an exhibit to any of the two conveyance deeds making the said deeds valid and eligible for recording, there is also **nonexistent** at the Fulton county records of a GPAA-compliant power of attorney in a Security Deed that's properly structured with an irrevocability clause and intended as security executed and bearing a voluntary bona fide signature of Mr. Cooper. **The Security Deed that was filed is NOT signed nor notarized** by an agent. There is no

Security Deed/document/ instrument, or Indenture bearing blue ink wet **signatures** from all parties involved to secure debt and voluntarily tendered by Mr. Cooper bearing bona fide signatures of all parties on the Security Deed and whereby Mr. Cooper granted, bargained, sold, aliened, conveyed, confirmed and relinquished his Indefeasible Title in FEE SIMPLE to his property located at 110 Holcomb CT Alpharetta Georgia 30022. Mr. Cooper's was a bona fide purchaser (**not a borrower**) and paid for the home in full at closing via a cashier check that was **indorsed and cashed** by Laura Dudley Assistant Vice President of the Seller. Therewith, the Fulton county **records does not show any certified Loan** documents of Call Reports, Call Schedules, FAS 125, 133, 140, 5, 95, 2046 balance sheet, accounting documents by a financial institution, GAAP documents, a FedWire, or any Bank Loan documents or records evidencing an advancement of money or loan from Juan Sebastian Mora Vargas and DAS Acquisition Company, LLC made to Garth Cooper for subject Property Address 110 Holcomb CT, Alpharetta Georgia 30022.

**15.** 'MERS'. There is no contract or document recorded bearing both signatures of both parties Mr. Cooper and any officer of MERS. MERS means 'Mortgage Electronic Registration System'. Upon investigation and examination of the Fulton County real estate and land records, there is absent/ no records of a Registration and Recordation of a Mortgage on Georgia Form **O.C.G.A §44-2-245** 'Registration and Recordation of Mortgages'. See **Exhibit-J**

**16.** 'Deed Under Power'= Deed under a power of attorney. Fulton County real estate and land recorders are elected government officials, not independent private professionals. They serve as the official custodians of public records for their respective Fulton County jurisdiction, with duties mandated by state law and enacted House Bills. So the question is raised, why is the Fulton county recorder's office and its examiners allowing and recording conveyance deeds to be filed **WITHOUT** valid attested Powers of Attorney alongside verifying agents authority, failing to train or supervise staff, thus ignoring and not complying with official municipal policies and requisites for recording. This reckless conduct and pattern of disregarding established protocols and omissions **are not** conducted in all Georgia counties. Attention is directed to Chatham County Georgia Clerk of Superior Court in a case ***Lakeview Loan Servicing, LLC vs Wilson*** SPCV19-00539-FR 4/20/2020. In Chatham County, the court through **findings** concluded that the **Power of Attorney labeled Exhibit A** and **attached** to the **Deed under Power** lacked the requisite attestation for recording in the public records. So here in Chatham County, first, a Power of Attorney was required to be attached as an Exhibit to the Deed under Power. Secondly, said Power of Attorney needed to be attested as required by Georgia law to be eligible for recording. Unlike Defendant Fulton County Clerk, the Clerk of Superior Court in Chatham County carefully examined that a Deed under Power is only executed via a valid Power of Attorney, verified the agent's authority properly, and made sure the recordings of a valid,

attested, Power of Attorney was alongside the Deed under Power establishing eligibility **BEFORE** recording in public records. In addition to the Georgia Title Standards you find at **114 A.L.R. 660** refers to the American Law Reports annotation titled "Recording laws as applied to power of attorney under which deed or mortgage is executed," which synthesizes state statutory and case law regarding the validity of instruments executed by an attorney-in-fact.

See **Exhibit #A** *Lakeview Loan Servicing, LLC vs Wilson* SPCV19-00539-FR. 4/20/2020

**17.** Despite numerous in person visits, phone call disputes, and in person attempts to file correcting documents based on the Georgia Code to document the fraud, insufficient deeds and invalid unattested improper recorded deeds and absent valid powers of attorney that were filed by (VCI) amongst others, Fulton County title examiners, management, the Superior Clerk and Director **directly refused** to acknowledge, respond, or investigate the disputes of Plaintiffs. Defendants further denied and ignored request made my Plaintiffs in person to file appropriate Form under O.C.G.A §44-14-67 to permanently remove the false and inaccurate adverse information to correct the record and prevent further harm and injury in the deprivation of rights.

**18.** As a proximate and direct result of the breach of duties by defendants herein, Plaintiffs rights were violated in direct violation of clearly established Federal law.

**19**. At all times herein, the defendants conduct was under color of state law acting in their official capacity using government authority.

**20**. All of the Defendants, at all times related herein, failure to train its title examiners and recorders showing a deliberate indifference towards Mr. Cooper and Mr. Meduty's rights protected, and guaranteed, by the Constitution. As a direct and/or proximate result of Defendants actions, Plaintiffs are seeking an additional **$1,000.00 per day** for **punitive damages** from the initial date of the improper recordings.

**FEDERAL CAUSES OF ACTION**

**21**. All allegations set forth in paragraphs 1 through incorporated herein by reference.

**As and for a first cause of Action**

**22**. Upon information and belief, the Defendant County, being sued as a "person" maintains a pattern and practice of depriving liberty and property, and causing damage without probable cause or proper foundation as secured by the Constitution as demonstrated by the deprivation of Plaintiffs' rights.

**As and for a second cause of Action**

**23**. Upon information and belief, the Defendant Clerk of Superior and Magistrate Court failed and/or neglected to properly train and supervise its employees, and especially its title examiners, with respect to official municipal policy, mandated real estate State laws, enacted Georgia House Bills, and individual rights as

protected by the Constitution as made evident by the several irrefutable exhibits and time line history of the Fulton County records produced by Plaintiffs.

**As and for a third cause of Action**

**24**. At all times relevant, all defendants, especially Che' Alexander and Tasha A. Dugger, were acting in their official capacity and using government authority within the scope of their presumed duties as employees of Defendant Fulton County when depriving Plaintiffs of their rights. Defendants' individual liability is established from their breach of duty which was the actual and proximate cause of the harm. Defendants **breached** their **duties mandated** by the following **State Laws and State enacted House Bills**:

1. **§44-2-2** Duty of clerk to record certain transaction affecting real estate and personal property;

2. **§44-2-18** The procedure for recording a deed upon the affidavit of a subscribing witness when the deed is not officially attested or acknowledged, with substantial compliance being sufficient in the absence of fraud.

3. **§44-2-23** when deed serves as evidence

4. **§44-2-42** clerk responsible for acts of deputies (notice to vacate property)

5. **§44-2-44** fraudulent acts by office of clerk personnel, fraudulently registers any title

6. **§44-2-46** fraudulent acts of malpractice of examiners

7. **§44-2-122** Clerk's duties and liabilities (to determine rather any instrument writing record or other matter is in proper shape for registration and shall correctly and legally make the registration The clerk is liable to any injured person for any failure of duty in this respect

8. **§44-2-123** Clerk's duty to ensure proper execution of voluntary transfer, liability for damage or loss arising from registration of improperly executed transfer

9. **§44-2-138** actions by injured party for fraud or negligence

10. **H.B. 221** The Georgia Power of Attorney Act. §10-6B-5 §10-6B-70 & §10-6B-10

11. **§10-6-2** Formality necessary to create agency,

and failure to train amounts to deliberate indifference to constitutional rights and other violations

of clearly established laws protected by the 4th, 5th, 7th, and section 5 of the 14th amendment

warranting a **42 U.S.C §1983** ***Monell v. Dep't of Soc. Servs. Of N.Y.C.*** **436 U.S. 658, 694**

## RELIEF REQUESTED

**25**. There **was/is** no private or public **evidence** that the persons acting under the guise of duly appointed agents had the legal authority to file those two conveyances deeds on behalf of Mr. Cooper and particularly after **02/01/2022** (Exhibit-B). The Fulton County recorder(s) should have known to **REJECT** these conveyance instruments without a valid P.O.A. attached. Therewith, plaintiffs' have been forced to suffer physical, economical, and emotional injury and stress, ***(threat, duress, fraud, theft, cloud on title, wrongful disclosure***) in direct violation of constitutional, federal statutory, and fundamental human rights, caused by defendants' relying on presumptions of validity combined with reckless conduct under color of state law acting in their official capacity and using government authority clearly demonstrating deliberate indifference to the rights of Plaintiffs' as shown above.

WHEREFORE Plaintiffs' demand judgment against the defendants, jointly and severally, as follows:

a. as compensatory damages, the sum of **$500,000.00**; A True Bill

b. as punitive damages, the sum of $**100,000.00**; A True Bill

c. all costs and disbursements of this action;

d. all attorneys' fees incurred in prosecuting this action;

e. the right to amend this complaint as warranted by further evidence and fact finding;

f. and other such further relief as to the Court and Jury of peers seems proper.

g. And a letter insuring Plaintiffs' will be allotted to file real estate documents according to the Georgia law Title 44 and code procedures without further interference and neglect.

TRIAL BY JURY OF TWELEVE (12) PERSONS IS DEMANDED-**NO BENCH**

Respectfully submitted,

Prince Amun-Ra

Prince Amun-Ra Meduty, Statutory Trustee
2566 Shallowford Rd, NE
Suite 104 Unit 186 Atlanta, Georgia 30345

Garth Cooper, Principal bona fide purchaser
3564 Wesley Chapel Rd, Suite E-102
Decatur, Georgia 30034

# VERIFICATION

State of Georgia )
) SS
County of DeKAlb )

We, Garth Cooper, Prince Amun-Ra Meduty, in the attached Complaint for Damages, do affirm by their signatures hereon, the facts and allege therein and further affirm said facts and allegations to be true and correct to the best of my knowledge and belief so help me God.

Before me, the undersigned, a Notary Presenter in and for said County and State on this 14 day of September, 2026, personally appeared Prince Amun-Ra Meduty, and Garth Cooper, to me known to be the identical men who executed the within and foregoing Title 42 Section 1983 Complaint and acknowledged to me that they executed the same as their free and voluntary act.

Given under my hand and seal the day and year last above written.

My commission expires April 22, 2030

Linda Macklin Notary Public

LINDA MACKLIN
My Commission Expires
NOTARY PUBLIC
April 22, 2030
DEKALB COUNTY, GEORGIA

## EXHIBITS LIST

**Exhibit-A** *Lakeview Loan Servicing, LLC vs. Wilson* SPCV19-00539-FR. 4/20/2020 Chatham County Superior Court Georgia 'Deed Under Power' requires a valid attested Power of Attorney attached as an exhibit in order to be eligible for recording in public records.

**Exhibit-B** Authenticated Certified copy Fulton County of Plaintiffs filing on 2/1/2022 of 'Revocation of Power of Attorney' terminating all powers and presumed powers all documents filed in the chain of title after this date were null, void, invalid, fraudulent, without authority if filed by anyone other than Prince Amun-Ra Meduty

**Exhibit-C** Fulton County real estate records history search shows **instrument** POA executed and granted by Mr. Cooper to Prince Amun-Ra Meduty on 2/1/2022 and 3/1/2022 there is no record of a **POA** being executed and granted by Mr. Cooper to any other person or entity including Village Capital & Investments LLC, Nathan Timpson A 'Security Deed' passes Indefeasible Title only, not a mortgage, not a POA not a GPAA compliant POA, Assumption not a Novation.

**Exhibit-D** Georgia Title Standards Sections **8.5, 17.1 & 17.2** original valid POA required to be attached as an exhibit to conveyances documents

**Exhibit-E** O.C.G.A §10-6-2 **Formality necessary to create agency**

**Exhibit-F** July 1st, 2017 New **GPAA** power of attorney Forms §10-6B-70 & §10-6B-71

**Exhibit-G** U.S. District Court N.D of Georgia Atlanta Division Civil Action No: 1:19-CV-05543-JPB 03/03/2021. A Power of Attorney attached hereto as Exhibit 'A' required to show legal standing and legal interest in property. Pgs. 8 & 9

**Exhibit-**H Georgia Court of Appeals. *Standridge v. Spillers* 587 S.E. 2d 862 (2003) Pg. 2

**Exhibit-I** Conveyances documents without POA's attached, improperly filed by Defendants these 2 documents were also filed **9 months after** a Revocation of Power of Attorney was previously filed, as shown in Exhibit-B.

1. Transfer and Assignment of Deed to Secure Debt
2. Deed under Power

**Exhibit-J** **O.C.G.A §44-2-245** Form for Recordation and Registration of Mortgages. The Tennessee Supreme Court Decision on the MERS System. 12/11/2015

**Exhibit-K** Georgia Open Records Request- Seeking a House Bill 221 Georgia Power of Act compliant valid attested Power of Attorney attached as an Exhibit. Seeking an Indenture conveyance document signed by the Principal Mr. Cooper No valid Power of Attorney exist, no Indenture signed by Mr. Cooper exist All documents filed after 2/1/2022 in the chain of title should have been rejected by title examiners, the documents were forgery, fraud, invalid, without authority

## LEGAL REFERENCES

**Clerk liable for improper filing or recording.** **O.C.G.A §44-2-2 Judicial Decisions**

- If any injury is done by the failure to record a paper, **or by the improper recording of a paper, the clerk would be liable to the injured party for a breach of duty**; filing puts the world on notice as to the contents of papers filed for record, whether the papers are recorded or not. This law, however, can only apply if there is a proper filing of the paper to be recorded, and a filing under circumstances in **which an improper filing and indexing and an improper recording** occurs could **be charged as a breach of duty on the part of the clerk.** Buchanan v. Georgia Acceptance Co., 61 Ga. App. 476, 6 S.E.2d 162 (1939).

1. Ga. Code § 44-5-33.
2. Ga. Code § 15-6-61(a)(10).
3. Ga. Code § 15-6-61(a)(10).
4. See Ga. Code § 15-6-66(a).
5. Ga. Code § 15-6-63.
6. See Ga. Code §§ 44-6-120; 44-6-190.
7. Ga. Code § 44-6-120.
8. Ga. Code § 44-5-33.
9. Ga. Code § 44-5-30.
10. Ga. Code §§ 48-6-2(b); 48-6-4(c).

11. See Ga. Code § 44-5-30.

12. *Thomas v. Garrett*, 456 S.E.2d 573, 576 (Ga. 1995)

13. *Wisener v. Gulledge*, 306 S.E.2d 642 (Ga. 1983).

14. *Strickland v. CMCR Investments, LLC*, 610 S.E.2d 71 (Ga. 2005).

15. Ga. Code § 44-2-14(b).

16. Ga. Code § 44-5-48(a).

17. Ga. Code § 44-5-30.

18. Ga. Code § 44-2-37(b).

19. Ga. Code § 10-6B-40(g).

20. Ga. Code § 10-6B-5(a).

21. Ga. Code § 14-5-7(a).

22. Ga. Code § 14-11-301.

23. Ga. Code § 53-12-261(b).

24. Ga. Code § 53-8-13.

25. Ga. Code § 44-2-14.

26. Ga. Code § 45-17-30.

27. Ga. Code §§ 45-17-8(e); 45-17-6(a)(1).

28. Ga. Code § 45-17-8(c).

29. Ga. Code §§ 44-2-14(a); 44-5-30.

30. Ga. Code § 44-5-30.

31. Ga. Code § 44-5-39.

32. Ga. Code § 15-6-61.

33. Ga. Code § 44-2-1.

34. Ga. Code § 15-6-60(4).

35. Ga. Code § 15-6-77(f)(1)(A)(i).

36. Ga. Code § 44-5-47.

37. Ga. Code § 48-6-1.

38. Ga. Code § 48-6-3.

39. Ga. Code § 48-6-4(a).

40. Ga. Code § 48-6-4(b).

41. Ga. Code §§ 48-6-2(a)(1)-(11).

42. Ga. Code §§ 48-6-2(b); 48-6-4(c).

43. See Ga. Code §§ 10-6B-5(a); 53-12-280.

44. Ga. Code § 48-6-4(c).

**114 A.L.R. 660** refers to the American Law Reports annotation titled **"Recording laws as applied to power of attorney under which deed or mortgage is executed,"** which synthesizes **state statutory and case law regarding the validity of instruments executed by an attorney-in-fact.**

**Note:** In January 2025 the ANF Investigations (Atlanta News Fox) reported a rise in deed and
property theft in Fulton County. This case is an example of the direct result and causes of the false deeds and property theft ongoing in Fulton County.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**CERTIFICATE OF SERVICE**

Plaintiff's Mr. Cooper and Mr. Meduty do hereby certify that they have this day served the within and foregoing, Civil Rights Violation Complaint under 42 Sect. 183 and F.R.C.P Rule 38 written demand for jury of 6 to 12 peers subsequently to filing same, by depositing a copy thereof in the United States Mail properly addressed upon;

FULTON COUNTY CLERK OF SUPERIOR
& MAGISTRATE COURTS
CHE' ALEXANDER
136 PRYOR STREET
ATLANTA GEORGIA 30303

TASHA A. DUGGAR, DIRECTOR OF
REAL ESTATE AND LAND RECORDS
136 PRYOR STREET
ATLANTA GEORGIA 30303

FULTON COUNTY
136 PRYOR STREET
ATLANTA GEORGIA 30303

This 16 day of, September, **2026**

Garth Cooper
3564 Wesley Chapel Rd, Suite E-102
Decatur, Georgia. 30034

Prince A.R. Meduty
2566 Shallowford Rd, Suite 104, Unit 186
Atlanta Georgia 30345
404 988 9584

A

SPCV19-00539-FR

Cross-reference:
Deed Under Power at Book 345S, Page 1
Security Deed at Book 357S, Page 578

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 4/20/2020 12:47 PM
Reviewer: KN

| | |
|---|---|
| LAKEVIEW LOAN SERVICING, LLC<br><br>Plaintiff,<br><br>v.<br><br>CHICO VAL WILSON, JENNIFER M. WILSON, KRISANDRA G. BAUGHAN, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE UNDER THE POOLING AND SERVICES AGREEMENT DATED AS OF NOVEMBER 1, 2005, GSAMP TRUST 2005-HE5,<br><br>Defendants. | CIVIL ACTION NO.:<br><br>SPCV19-00539-FR |

Doc ID: 033641890006 Type: ORD
Recorded: 02/08/2022 at 11:58:18 AM
Fee Amt: $26.00 Page 1 of 6
Chatham, Ga. Clerk Superior Court
Tammie Mosley Clerk Superior Court
BK 2703 PG 634-639

**DEFAULT JUDGMENT AND ORDER AGAINST DEFENDANTS CHICO VAL WILSON, JENNIFER M. WILSON, AND DEUTSCHE BANK**

This matter having come before this Court and Plaintiff, Lakeview Loan Servicing, LLC ("Plaintiff") having submitted its Motion for Default Judgment Against Defendants Chico Val Wilson, Jennifer M. Wilson and Deutsche Bank National Trust Company, as Trustee under the Pooling and Servicing Agreement Dated as of November 1, 2005, GSAMP Trust 2005-HE5 ("Motion"), and this Court having reviewed the Motion, Affidavit of Default, and Uniform Superior Court Rule 15 Certification attached thereto and having considered all pleadings filed of record in this case, this Court makes the following Findings of Fact and Conclusions of Law:

**FINDINGS OF FACT**

The Court finds Plaintiff filed its Complaint for Reformation, Declaratory and Equitable Relief ("Complaint") on June 3, 2019, seeking reformation of a certain Deed Under Power

Cross-reference:
Deed Under Power at Book 345S, Page 1
Security Deed at Book 357S, Page 578

recorded in the Chatham County, Georgia real estate records relating to the property commonly known as 4 Valleydale Way, Savannah, Georgia 31405 and being more particularly described as follows:

> ALL THAT CERTAIN LOT, TRACT OR PARCEL OF LAND SITUATE, LYING AND BEING IN THE STATE OF GEORGIA, COUNTY OF CHATHAM, KNOWN AS LOT 70, COTTONVALE PLANTATION, PHASE 1, A SUBDIVISION OF PORTION OF THE SARANAC TRACT, SEVENTH G.M. DISTRICT, CHATHAM COUNTY, GEORGIA, AS WILL MORE PARTICULARLY APPEAR ON THAT CERTAIN SUBDIVISION MAP OF COTTONVALE PLANTATION, PHASE 1, PREPARED FOR GREEN WAY DEVELOPERS, INC., BY HUSSEY, GRAY, BELL & DEYOUNG, CONSULTING ENGINEERS, AND BEING RECORDED IN SUBDIVISION MAP BOOK 29-S, FOLIO 99A, 99B AND 99C IN THE OFFICE OF THE CLERK OF THE SUPERIOR COURT OF CHATHAM COUNTY, GEORGIA TO WHICH REFERENCE IS HEREBY MADE FOR A COMPLETE DESCRIPTION HERETO, SAID PROPERTY HAVING AN ADDRESS OF 4 VALLEYDALE WAY, SAVANNAH, GEORGIA 31405, AND HAVING A PIN #10991D01070.
>
> SUBJECT, HOWEVER TO ALL RESTRICTIONS, EASEMENTS, AND RIGHTS OF WAY OF RECORD.

(hereinafter the "Property").

The Court finds that Deutsche Bank obtained title to the Subject Property by a Deed under Power dated July 7, 2009 ("Deed Under Power") conveying from Defendant Krisandra G. Baughan, acting through a duly appointed attorney-in-fact, Deutsche Bank, recorded on August 26, 2009 at Deed Book 345S, Page 1, Chatham County, Georgia records.

The Court finds that Deutsche Bank executed the Deed Under Power described above using a Limited Power of Attorney attached as Exhibit A to the Deed Under Power, which Limited Power

Cross-reference:
Deed Under Power at Book 345S, Page 1
Security Deed at Book 357S, Page 578

of Attorney was originally recorded in Book 18915, at Page 470 in the Public Records of Chatham County, Georgia.

The Court finds that due to a mutual mistake of the parties, the Limited Power of Attorney attached as Exhibit A to the Deed Under Power lacks the requisite attestation for recording in the public records of Chatham County, Georgia. Georgia law requires documents with an acknowledgement clause to have two witnesses and the notarization of the acknowledgement clause to be eligible for recording. The Limited Power of Attorney labeled Exhibit A and attached to the Deed Under Power lacks an unofficial witness and the notary's signature as an official witness.

The Court finds that on December 19, 2009, Defendant C. Wilson and Defendant J. Wilson obtained title to the Subject Property from Defendant Deutsche Bank via a Special Warranty Deed ("Special Warranty Deed") recorded on December 22, 2009 at Deed Book 357S, Page 575, Chatham County, Georgia records.

The Court finds that on December 18, 2009, Defendant C. Wilson obtained a loan on the Subject Property from USAA Federal Savings Bank in the original principle amount of One Hundred Thirty-Five Thousand Seven Hundred Fifty-Seven and 00/100 Dollars ($135,757.00).

The Court finds that in order to secure the repayment of said loan, Defendant C. Wilson and Defendant J. Wilson executed a Security Deed dated December 18, 2009 in favor of Mortgage Electronic Registration Systems, Inc. as nominee for USAA Federal Savings Bank, conveying first place security interest in the Subject Property. The Security Deed was recorded on December 22, 2009 at Deed Book 357S, Page 578, Chatham County, Georgia Real Property Records.

Cross-reference:
Deed Under Power at Book 345S, Page 1
Security Deed at Book 357S, Page 578

The Court finds that on August 29, 2018, Mortgage Electronic Registration Systems, Inc. as nominee for USAA Federal Savings Bank assigned its interest in the Security Deed to Plaintiff via an Assignment recorded on September 11, 2018 at Deed Book 1443, Page 501 Chatham County, Georgia records.

The Court finds that Krisandra Baughan and Plainitff entered into a Consent Agreement which was filed and approved by this Court on July 9, 2019 wherein Ms Baughan agreed to the relief sought in Plaintiff's Complaint and was dismissed from this action.

## CONCLUSIONS OF LAW

The Court finds that Defendants Chico Val Wilson, Jennifer M. Wilson and Deutsche Bank National Trust Company, as Trustee under the Pooling and Servicing Agreement Dated as of November 1, 2005, GSAMP Trust 2005-HE5 were properly served with Summons and Complaint and failed to file an Answer within the timeframe as required by law. Further, more than fifteen (15) days have passed since Defendants Chico Val Wilson, Jennifer M. Wilson and Deutsche Bank National Trust Company, as Trustee under the Pooling and Servicing Agreement Dated as of November 1, 2005, GSAMP Trust 2005-HE5 came into default, and the default has not been set aside. The default of the Defendants Chico Val Wilson, Jennifer M. Wilson and Deutsche Bank National Trust Company, as Trustee under the Pooling and Servicing Agreement Dated as of November 1, 2005, GSAMP Trust 2005-HE5 operates as an admission of the truth of the factual allegations contained in the Complaint. *Stonica v. State Farm Fire & Casualty Co.*, 198 Ga. App. 717 (1991). Therefore, treating the above facts as admitted, it is hereby:

**ORDERED AND ADJUDGED** that Judgment is entered in favor of Plaintiff and against Defendants Chico Val Wilson, Jennifer M. Wilson and Deutsche Bank National Trust Company, as Trustee under the Pooling and Servicing Agreement Dated as of November 1, 2005, GSAMP

Cross-reference:
Deed Under Power at Book 345S, Page 1
Security Deed at Book 357S, Page 578

Trust 2005-HE5 in the form of this Default Judgment due to their failure to file an Answer or otherwise respond to the Complaint within the required time period or move to open the default within fifteen (15) days thereafter.

**IT IS FURTHER ORDERED AND ADJUDGED** that, due to the mutual mistake of the parties, the Deed Under Power's Exhibit A recorded at Deed Book 345S, Page 1 is hereby reformed to include the proper attestation for recordation in the Real Property Records of Chatham County, Georgia, relating back to its execution, recordation and/or origination.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Deed Under Power recorded at Book 345S, Page 1 is declared in full force and effect as of August 26, 2009, the date of its recordation in the Real Property Records of Chatham County, Georgia.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff has a first position lien on the Property as of December 22, 2009, the date the Security Deed was recorded in the Chatham County, Georgia records.

**The Clerk of the Superior Court of Chatham County is hereby ordered and directed to record this DEFAULT JUDGMENT AND ORDER AGAINST DEFENDANTS CHICO VAL WILSON, JENNIFER M. WILSON AND DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF NOVEMBER 1, 2005, GSAMP TRUST 2005-HE5 on the real estate records of Chatham County, Georgia upon payment of the costs for such recording and to cross-reference such recording to those certain documents referenced above.**

*[SPACE INTENTIONALLY LEFT BLANK; SIGNATURE ON NEXT PAGE]*

Cross-reference:
Deed Under Power at Book 3458, Page 1
Security Deed at Book 3578, Page 578

SO ORDERED, this 20 day of April, 2020.

Judge, Superior Court of Chatham County, Georgia

Prepared and presented by:
/s/ Cory P. Sims
Cory P. Sims, Esquire
Georgia Bar No. 701802
ALBERTELLI LAW
100 Galleria Parkway, Suite 960,
Atlanta, Georgia 30339,
Telephone: (770) 373-4242
Facsimile: (770) 373-4260
Email: csims@alaw.net
Attorneys for Plaintiff
File No.: 19-005484

CERTIFIED COPY
This document is a certified copy of the original document placed on record in the office of the Clerk of Superior Court, Chatham County, GA. Given under my hand and seal this 12 day of Feb 2022

Deputy Clerk, S.C.C.C., GA

B

# State of Georgia

## COUNTY OF FULTON
## OFFICE OF THE CLERK OF SUPERIOR COURT

## ELECTRONIC DOCUMENT CERTIFICATION

**Certification Date:** 06/08/26 **Book Reference:** DEED BK 66099 PG 228-236

**Authentication Code:** 2N1VB-XHS8E-BKW5 **Number of Pages:** 9

I, **Che' Alexander**, Clerk of Superior Court, or Deputy Clerk specified below, hereby certify that the attached page(s) is/are a true and correct copy of the document(s) enumerated herein, and that said document(s) are on file as a part of the official records of this office, of which I am the official custodian, as authorized by Georgia law. Witness my hand and official seal of this office on the date written.

**Official Seal of Clerk**

Che' Alexander, Clerk

senika Brown
Prepared by:

**INSTRUCTIONS FOR AUTHENTICATING THIS CERTIFICATION**

This electronically certified record can be authenticated as having been duly certified by the issuing officer by accessing the link below:

https://ecert.gsccca.org/document/2N1VB-XHS8E-BKW5

Authentication of a certified document is a multiple step process. Instructions for authenticating a certified document can be found at the link below:

https://ecert.gsccca.org/authenticationinstructions

AUTHENTICATION CODE LISTED ON EACH CERTIFIED PAGE

Deed Book 66099 Pg 228
Filed and Recorded Sep-01-2022 09:14am
2022-0291560
Real Estate Transfer Tax $0.00
Georgia Intangible Tax Paid $0.00
CATHELENE ROBINSON
Clerk of Superior Court
Fulton County, Georgia

File NO. 7021 1970 0002 3109 4587
PARCEL ID: 12-2944-0781-044-3

RECORD AND RETURN TO:
Garth Cooper
110 Holcomb Court
Alpharetta, Georgia [30022-5331]
678 973 9888

CROSS INDEX TO DEED BOOK 64990, PAGE 665, 12/16/2021 Fulton County, Georgia

## AFFIDAVIT OF TITLE DEFECT RE: SECURITY DEED

Fulton County, Georgia File No.21M-0056

**Title Defect**: When attestation is not proper, it must be reported as a title defect. That certain deed from the original Grantor in the deed named GARTH COOPER dated December 13th, 2021, and of record December 16th, 2021 in Deed Book 64990, Page 665, Title Order No. 21M-0056 lacked the requisite signatures to constitute constructive notice under O.C.G.A. §44-14-61; GARTH COOPER the maker/grantor did not execute the above security deed and notated the deed under duress and without liability on the last page ten (10), thus, the deed is unenforceable, non-transferable, unperfected, defectively attested, missing required signatures, defectively acknowledged, lack of valuable consideration, and ineligible for recordation of record. The clerk of such superior court is authorized and directed to record this affidavit of title defect of security deed of record as provided in §§44-5-30 §44-14-67(b), §44-14-66 of the O.C.G.A. for other security deed/mortgage corrections under GA Code §44-14-33 & §44-14-39.

**Title Defect-Instruments executed by a corporations conveying an interest in real property:**
The reported defects are based upon Title Standards and the Code statutory requirements at: §4.5, §4.6, §4.7 §9.1, §9.2, §9.3, §14.7 O.C.G.A §§44-5-30, §44-2-15, §14-5-7, §44-14-61 §44-14-64(e). As evident on page ten (10) of the security deed, if the alleged lender DAS ACQUISITION COMPANY, LLC executed the deed above, said deed is 100% fraud and Invalid. The deed was not signed by the maker/grantor, unperfected, defectively attested, missing required signatures of corporate officers president or vice president, lacks corporate seal above the signature, omission of the corporate name over the signatures of the signers, the unofficial witness is not an officer attested as required under O.C.G.A. §44-2-15 and there's no evidence of good valuable consideration issued to Garth Cooper. Said deed is clearly on its face ineligible for recordation of record and noncompliant with all statutory requirements above regarding the following described real property: 110 Holcomb CT, Alpharetta, Georgia 30022.

**Title Defect and Suspicion on Fraud:**
The "SECURITY DEED" fraudulently reports a "LOAN" being issued to GARTH COOPER by DAS ACQUISITION COMPANY, LLC, this statement is fraud and 100% false. DAS ACQUISITION COMPANY, LLC MERS, assignee VILLAGE CAPITAL & INVESTMENT LLC, or any other unknown assignee corporation never "loaned" any money to Garth Cooper, nor did the aforementioned corporations use their own money as adequate valuable consideration, and GARTH COOPER never borrowed any money from any of the above named Corporations.
Affidaivt nunc pro tunc 12/13/2021
See attached Affidavit of Recitals and Affidavit of Revocation and Termination

Deed Book 66099 Pg 229

In witness whereof, the undersigned has set his hand and seal, this 26 day of August, 2022.

______________________(SEAL)
Signature

CAROL J UNDERWOOD
MY COMMISSION EXPIRES
NOTARY PUBLIC
MARCH 07, 2023
DEKALB COUNTY, GEORGIA

Signed, sealed, and delivered
on the date above shown

______________________
Unofficial witness

______________________ 08/26/22
Notary Public Date

My Commission expires: 03/11/23 (SEAL)

JOANNA ST PIERRE
MY COMMISSION EXPIRES
NOTARY PUBLIC
MARCH 11, 2023
CHEROKEE COUNTY, GEORGIA

# AFFIDAVIT of RECITALS

I, Garth Cooper, do stand and testify the following to be the truth, the whole truth, and nothing but the truth so help me God.

Title Standards §16.2 Recitals to make it clear that the Security Deed is 100% defective, Invalid, and no debt remains between the grantor and the grantee

1. Notice of title defect
Security Deed Book 64990, Page 665, Title Order No. 21M-0056 as seen on Page 10 of 10 lacked the elements required by Georgia law based on the following defects:
The deed which on its face is noncompliant with all statutory requirements thus was not entitled to be recorded
2. Title Standards §4.7 Actual and Constructive Notice
A deed that is not properly attested is not eligible for recording, thus does not serve as constructive notice
3. For a deed to be recorded, Georgia law requires that it be signed by the maker (grantor), attested by an officer as provided in O.C.G.A. 44-2-15, and attested by one other witness under O.C.G.A. Section 44-5-30. When attestation is not proper, it must be reported as a title defect.

4. Security Deed Book 64990, Page 665, Title Order No. 21M-0056 on Page 10 of 10 was not in recordable form as required by O.C.G.A. § 44-14-33 therefore, the security deed was/is avoidable; Also: in GA Code § 44-14-39 (2020) 'Effect of Defective Record as Notice'

5. O.C.G.A. § 44-14-33 and the 1995 Amendment, In order to admit a mortgage to record, it shall be signed by the maker, attested by an officer as provided in Code Section §44-2-15, and attested by one other witness. O.C.G.A §44-14-61
Security Deed Book 64990, Page 665, Title Order No. 21M-0056 on Page 10 of 10 lacks "acknowledgment by the maker (Grantor), lacks the voluntary bona fide signature by the maker (Grantor) and reflects duress and non-acceptance of liability under O.C.G.A §11-3-402(b)(1) and O.C.G.A §11-3-305(a)(1) therewith, deed is defectively attested & defectively acknowledged
The mortgage was never duly signed by Grantor and witnessed by two (2) attestations
There is no new corrective security deed or modification agreement by the maker filed
A deed that is not properly attested is ineligible for recording

6. O.C.G.A. §44-14-64 sets out that all transfers of deeds to secure debt
Failure to properly attest security deed failed to provide notice of security interest. —
The Security deed and all transfers, assignments, nominees, sales and purchases of the Security Deed including but not limited to MERS, Das Acquisition Company, LLC, Meredith Shearer & Associates, LLC, Village Capital Investment, LLC are Null and Void Ab Initio nunc pro tunc 12/13/2021 under O.C.G.A §44-14-64, O.C.G.A 23-2-114, O.C.G.A § 44-5-30 & O.C.G.A §14-5-7 as the execution of the Security Deed Book 64990, Page 665, Title Order No. 21M-0056 on Page 10 of 10 on behalf of the corporation was not duly authorized with a genuine

signature of such officer subscribed thereto, Omission of the corporate name over the signature of the signer, missing required signatures of president or vice president, missing attestations, missing corporate seal, lacked lawful valuable consideration, Security deed was unperfected, defective, and Invalid.

7. O.C.G.A § 44-5-30 - Requisites of deed to lands; inquiry into consideration
On December 13th, 2021 A monetary instrument was tendered for full acceptance for value, consideration, discharge and satisfaction under 12 U.S.C §1831N, 12 U.S.C §1813(L)(1), 31 C.F.R §103.11(u)(iii) and the Lender accepted, indorsed and monetized the instrument under O.C.G.A §11-3-311, O.C.G.A §11-3-205, O.C.G.A §11-3-104, O.C.G.A §11-3-108
On December 20th, 2021 a financing statement file no.# 044-2021-007379 under O.C.G.A §44-14-3(5) was executed, filed and recorded in connection with the instrument as collateral under O.C.G.A. §11-3-106(a)(b) & (d)
8. "Lender" Das Acquisition Company, LLC and nominee for Lender MERS did not use their own money as adequate good valuable consideration to purchase the Instrument therewith, no Loan of money ever occurred. The Note exchanged for credits to Affiant's account being paid in full as evidenced in Modern Money Mechanics FRB of Chicago April 24th 2022 Edition.
9. No Debt remains between the Grantor and Grantee
10. Known all men by these presents that for and in consideration of the sum of $372,135.00 and other good and valuable consideration on the Instrument tendered, Title to described real property conveyed to secure debt reverts to the original Grantor O.C.G.A §44-14-67.

[signature]
Garth Cooper
110 Holcomb Court
Alpharetta Georgia 30022

ATTESTATION

I, Joanna St. Pierre, a notary public residing in Cherokee county, Georgia State, do say that on the 15 day of August month, 2022, that a man known to me as Garth Cooper appeared before me in his true character and did affix his autograph to the above Affidavit of Recitals on his own free will and choice.

[signature] 08/15/22
Notary Public date

My Commission expires: 03/11/23 (SEAL)

JOANNA ST PIERRE NOTARY PUBLIC MY COMMISSION EXPIRES MARCH 11, 2023 CHEROKEE COUNTY, GEORGIA

Deed Book 66099 Pg 232

When recorded, return to:
DAS Acquisition Company, LLC
12140 Woodcrest Executive, Ste 150
St. Louis, MO 63141
314-628-2213

TAX Parcel Id Number: 12294407910443

MEREDITH SHEARER & ASSOCIATES, LLC
1225 JOHNSON FERRY ROAD
BLDG. 100, SUITE 100
MARIETTA, GA 30068

Title Order No.: 21M-0056

LOAN #: PFGARD072745543

[Space Above This Line For Recording Data]

# SECURITY DEED

FHA Case No.
106-4008870-703-203B

MIN: 1001290-3000461069-8
MERS PHONE #: 1-888-679-6377

DEFINITIONS
Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 10, 12, 17, 19 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 15.

(A) "Security Instrument" means this document, which is dated December 13, 2021, together with all Riders to this document.
(B) "Borrower" is GARTH COOPER, UNMARRIED MAN.

Borrower is the grantor under this Security Instrument.
(C) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the grantee under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
(D) "Lender" is DAS Acquisition Company, LLC.

Lender is a Limited Liability Company, organized and existing under the laws of Missouri.
Lender's address is 12140 Woodcrest Executive, Ste 150, St. Louis, MO 63141.

LOAN #: PFGARD072745543

Lender shall convey to the purchaser indefeasible title to the Property, and Borrower hereby appoints Lender Borrower's agent and attorney-in-fact to make such conveyance. The recitals in the Lender's deed shall be prima facie evidence of the truth of the statements made therein. Borrower covenants and agrees that Lender shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it. The power and agency granted are coupled with an interest, are irrevocable by death or otherwise and are cumulative to the remedies for collection of debt as provided by Applicable Law.

If the Property is sold pursuant to this Section 24, Borrower, or any person holding possession of the Property through Borrower, shall immediately surrender possession of the Property to the purchaser at the sale. If possession is not surrendered, Borrower or such person shall be a tenant holding over and may be dispossessed in accordance with Applicable Law.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Section 22, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Section 24 or applicable law.

**25. Release.** Upon payment of all sums secured by this Security Instrument, Lender shall cancel this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

**26. Waiver of Homestead.** Borrower waives all rights of homestead exemption in the Property.

**27. Assumption Not a Novation.** Lender's acceptance of an assumption of the obligations of this Security Instrument and the Note, and any release of Borrower in connection therewith, shall not constitute a novation.

**28. Security Deed.** This conveyance is to be construed under the existing laws of the State of Georgia as a deed passing title, and not as a mortgage, and is intended to secure the payment of all sums secured hereby.

Deed Defective
INVALID

BORROWER ACCEPTS AND AGREES to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

IN WITNESS WHEREOF, Borrower has signed and sealed this Security Instrument.

OCGA 44-5-30
OCGA 14-5-7

Signed, sealed and delivered in the presence of:

→ U.CC 3-402(b)(1)

X ______ UCC 3-402(b)(1) ______ (Seal)
GARTH COOPER

Not signed by maker ↗ Duress no liability
There is only (1) Attesting witness, (2) Attesting Witnesses required

______
Unofficial Witness

______
Notary Public,
FULTON County

SCOTT GILBERT MILLS
MY COMMISSION EXPIRES
NOTARY PUBLIC
JULY 27, 2024
FULTON COUNTY, GEORGIA

Lender: DAS Acquisition Company, LLC
NMLS ID: 227262
Loan Originator: Juan Sebastian Mora Vargas
NMLS ID: 2130368

There is no signature of a corporate officer
There is no corporate name over the signature
There is no signature by president or vice president attested
There is no corporate seal



No Good Valuable Consideration

[redacted]9_044 Received:Wednesday, February 2, 2022 3:11:32 PM Page 1 of 1

FILED & RECORDED
Wednesday, February 2, 2022 3:22:56 PM
File Number: 044-2022-000715
Debra DeBerry
Dekalb County Clerk of Superior Court

# UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)

B. E-MAIL CONTACT AT FILER (optional)

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

Garth Cooper
3564 Wesley Chapel Rd, Ste E-102
Decatur, Georgia [30034]

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1a. INITIAL FINANCING STATEMENT FILE NUMBER
0442020000707

1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed (for record) (or recorded) in the REAL ESTATE RECORDS
Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13

2. ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

3. ☐ ASSIGNMENT (full or partial): Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

4. ☐ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

5. ☐ PARTY INFORMATION CHANGE:
Check one of these two boxes: This Change affects ☐ Debtor or ☐ Secured Party of record
AND Check one of these three boxes to: ☐ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c ☐ ADD name: Complete item 7a or 7b, and item 7c ☐ DELETE name: Give record name to be deleted in item 6a or 6b

6. CURRENT RECORD INFORMATION: Complete for Party Information Change - provide only one name (6a or 6b)
6a. ORGANIZATION'S NAME
OR 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

7. CHANGED OR ADDED INFORMATION: Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)
7a. ORGANIZATION'S NAME
OR 7b. INDIVIDUAL'S SURNAME
INDIVIDUAL'S FIRST PERSONAL NAME
INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY

8. ☑ COLLATERAL CHANGE: Also check one of these four boxes: ☑ ADD collateral ☐ DELETE collateral ☐ RESTATE covered collateral ☐ ASSIGN collateral
Indicate collateral:

1. Revocation of Power of Attorney
2. Affidavit of Revocation of Signature for Cause
3. Statutory Power of Attorney

nunc pro tunc 11/1/2021

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT: Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

9a. ORGANIZATION'S NAME

| OR 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| Cooper | Garth | | |

10. OPTIONAL FILER REFERENCE DATA:

This instrument prepared by:
Name: Garth Cooper (Grantor-Trustor)
Address: 110 HOLCOMB CT., ALPHARETTA GA 30022

space above reserved for recording information

# Revocation of Power of Attorney

KNOW ALL MEN BY THESE PREMISES:

That I, Garth Cooper, a resident of Fulton County, State of Georgia, hereby revoke the Power of Attorney, Which was granted by me in or around November 1st 2021 and appointing MEREDITH SHEARER & ASSOCIATES, LLC of Marietta Georgia, MERS of Flint Michigan, DAS Acquisition Company, LLC of St. Louis MI & Scott G. Mills of Marietta Georgia as lawful attorney-in-fact to manage my affairs regarding real estate, deeds, closing, agreements, and contracts. Be it further acknowledged that being of sound mind and after explanations to me of the consequences of my actions, I do hereby revoke, cancel, and make null and void the aforesaid Power of Attorney, instanter.
MEREDITH SHEARER & ASSOCIATES, LLC, MERS, DAS Acquisition Company, LLC & Scott G. Mills no longer has the authority to act on my behalf and any authority previously conferred in November 2021 or after by said power of attorney is revoked, cancelled and terminated as of this 1st day of February, 2022.

IN WITNESS WHEREOF, I have thereunto set my hand and seal the 1st day of, February, 2022.

Signed, sealed and delivered in the presence of:

Prince Amun-Ra El
Witness 1 Signature

Prince Amun-Ra Meduty
Witness 1 Printed Name

Linda Macklin
Witness 2 Signature

LINDA MACKLIN
Witness 2 Printed Name

UCC 1-308
Principal's Signature

Garth Cooper
Principal's Printed Name

STATE OF GEORGIA
COUNTY OF Fulton

The foregoing instrument was acknowledged before me by means of physical presence, this 1st day of February, 2022, by: Garth Cooper who is personally known to me or has produced a driver's license as identification.

JOANNA ST PIERRE MY COMMISSION EXPIRES NOTARY PUBLIC MARCH 11, 2023 CHEROKEE COUNTY, GEORGIA

Notary Seal

Joanna St Pierre
Notary Signature

Joanna St. Pierre
Notary Printed Name

03/11/23
Commission Expiration:

Deed Book 66099 Pg 235

GSCCCA eFile1: EF_007352244_001328541_044 Received: Wednesday, February 2, 2022 3:11:32 PM Page 1 of 1 044-2022-000715

## ADDENDUM TO POWER OF ATTORNEY

## AFFIDAVIT OF REVOCATION OF SIGNATURE FOR CAUSE & NOTICE OF TERMINATION OF AGREEMENTS & CONTRACTS

Comes now Affiant having full, first-hand knowledge of the facts herein and, by making this affidavit of his own first-hand knowledge, affirms that the facts stated herein are true and correct to the best of his knowledge and belief.

On or about 12/13/2021, Affiant signed documents at closing under the Uniform Commercial Code §3-402(b)(1) reserving all rights and waiving none. Affiant signature shows unambiguously that Affiant was/is not liable on the instruments. Affiant was unaware and without knowledge that a constructive fraud, non-disclosure, and monetization was being perpetrated upon Affiant:
Affiant therewith terminates 1. Security Deed 2. Planned Unit Development Rider 3. Waiver of borrower's rights rider & 4. Georgia foreclosure disclosure: for Lack of lawful Consideration, breach of contract, and Lack of bona fide signatures. That Affiant's revocation of signature constitutes a recession of signature. Thus, the above agreements/contracts no longer exist. Affiant hereby revokes and makes void all signatures for cause pursuant to U.C.C. 3-501.

Now Affiant is formally and timely removing the aforementioned signature(s) for all time and removing any nexus that the named parties on revocation of power of attorney may presume to have over Affiant by virtue of said signature(s).

Further Affiant sayeth not.

[signature] UCC 1-308
Garth C. Cooper

STATE OF
COUNTY OF

On this 31 day of January 2020, before me personally appeared Affiant, Garth C. Cooper, who under oath attests to the truth of the aforementioned Affidavit and identified by a valid Identification, is hereby acknowledged by me.

[signature]
NOTARY

My commission expires 03/11/23

JOANNA ST PIERRE
MY COMMISSION EXPIRES
NOTARY
PUBLIC
MARCH 11, 2023
CHEROKEE COUNTY, GEORGIA

Deed Book 66099 Pg 236
CATHELENE ROBINSON
Clerk of Superior Court
Fulton County, Georgia

C

ERK OF SUPERIOR & MAGISTRATE COURTS

# Search by Name

**Name:** VILLAGE CAPITAL & INVESTMENT LLC

All names for humans must be entered Last Name followed by First Name.
Human: SMITH JOHN Non-human: ABC IND
Search may be done for a partial name. Only minimum of 1 letter required. Press F1 for more help.

**Data thru 05/26/2026 = (All years)** New Date (F3)

**Show:**

Show Grantor (F6) | Show Grantee (F7) | Show Both (F8)

**Book Type:** ALL All BookTypes <=List (F5)

**Optional**

These fields can help reduce your search list

**Instrument** POA <= List (F4)

**Referenced Name** POWER OF ATTORNEY

Press F1 for Help

Help (F1) | Clear (F2) | Search (F12) | Cancel (Esc)

Press TAB to move among fields

PUBHPG6-028


Search by Name
Name: TIMPSON NATHAN
All names for humans must be entered Last Name followed by First Name.
Human: SMITH JOHN
Non-human: ABC IND
Search may be done for a partial name. Only minimum of 1 letter required. Press F1 for more help.
No data found. Search performed based on your criteria. Ask for assistance if unable to locate your information.
Press <Enter> key to continue
Press F1 for Help
Help (F1)
Clear (F2)
Search (F12)
Cancel (Esc)
Press TAB to move among fields

Nbr: 11

CHÉ ALEXANDER, CLERK OF SUPERIOR COURT, FULTON COUNTY GEORGIA, USA

| NAME | NAME | INSTR | DIST | LAND LOT | BLOCK | LOT | UNIT | COMMENTS | DATE | BOOK TYPE | BOOK-PAGE | PAGES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | | [illegible] | | [illegible] | [illegible] | [illegible] | [illegible] | |
| COOPER GARTH | MERS | SD | 01 | 0781 | | 44 | | HOLCOMB SPRINGS | 12-16-2021 | DE | 64590-661 | 16 |
| COOPER GARTH | MERS | SD | 01 | 0781 | | 44 | | HOLCOMB SPRINGS | 12-16-2021 | DE | 64990-665 | 16 |
| COOPER GARTH | VILLAGE CAPITAL & INVESTMENT LLC | FCD | 01 | 0781 | | 44 | | HOLCOMB SPRINGS | 11-03-2022 | DE | 66290-125 | 2 |
| COOPER GARTH | VILLAGE CAPITAL & INVESTMENT LLC | FCD | 01 | 0781 | | 44 | | HOLCOMB SPRINGS | 11-03-2022 | DE | 66290-125 | 2 |
| COOPER GARTH | VILLAGE CAPITAL & INVESTMENT LLC | FCD | 01 | 0781 | | 44 | | HOLCOMB SPRINGS | 11-03-2022 | DE | 66290-125 | 2 |
| COOPER GARTH | VILLAGE CAPITAL & INVESTMENT LLC | FCD | 01 | 0781 | | 44 | | HOLCOMB SPRINGS | 11-03-2022 | DE | 66290-125 | 2 |
| COOPER GARTH | VILLAGE CAPITAL & INVESTMENT LLC | FCD | 01 | 0781 | | 44 | | HOLCOMB SPRINGS | 11-03-2022 | DE | 66290-125 | 2 |
| COOPER GARTH | VILLAGE CAPITAL & INVESTMENT LLC | FCD | 01 | 0781 | | 44 | | HOLCOMB SPRINGS | 11-03-2022 | DE | 66290-125 | 2 |
| COOPER GARTH | VILLAGE CAPITAL & INVESTMENT LLC | FCD | 01 | 0781 | | 44 | | HOLCOMB SPRINGS | 11-03-2022 | DE | 66290-125 | 2 |
| COOPER GARTH | VILLAGE CAPITAL & INVESTMENT LLC | FCD | 01 | 0781 | | 44 | | HOLCOMB SPRINGS | 11-03-2022 | DE | 66290-125 | 2 |
| COOPER GARTH | VILLAGE CAPITAL & INVESTMENT LLC | FCD | 01 | 0781 | | 44 | | HOLCOMB SPRINGS | 11-03-2022 | DE | 66290-125 | 2 |
| COOPER GARTH | VILLAGE CAPITAL & INVESTMENT LLC | FCD | 01 | 0781 | | 44 | | HOLCOMB SPRINGS | 11-03-2022 | DE | 66290-125 | 2 |
| COOPER GARTH | LESTER DAKKARI | WD | 09 | 0074 | E | 17 | | FIRESIDE HEIGHTS | 06-20-2005 | DE | 40266-240 | 1 |
| COOPER GARTH | MERS | SD | 09 | 0074 | E | 17 | | FIRESIDE HEIGHTS | 06-20-2005 | DE | 40266-241 | 16 |
| COOPER GARTH | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC | SD | 09 | 0074 | E | 17 | | FIRESIDE HEIGHTS | 06-20-2005 | DE | 40266-241 | 16 |
| COOPER GARTH | AMERICAS WHOLESALE LENDER | SD | 09 | 0074 | E | 17 | | FIRESIDE HEIGHTS | 06-20-2005 | DE | 40266-241 | 16 |
| COOPER GARTH | BANK OF NEW YORK TRUSTEE | FCD | 09 | 0074 | E | 17 | | FIRESIDE HEIGHTS | 02-22-2006 | DE | 42014-285 | 3 |
| COOPER GARTH | CERTIFICAT HOLDERS OF CWABS 2005 04 | FCD | 09 | 0074 | E | 17 | | FIRESIDE HEIGHTS | 02-22-2006 | DE | 42014-285 | 3 |
| COOPER GARTH | ROBINSON EDSEL F | WD | 14 | 0114 | | | | | 06-09-2005 | DE | 40195-351 | 9 |
| COOPER GARTH | AAMES FUNDING CORP | SD | 14 | 0114 | | | | | 06-09-2005 | DE | 40195-352 | 16 |
| COOPER GARTH | AAMES HOME LOAN | SD | 14 | 0114 | | | | | 06-09-2005 | DE | 40195-352 | 16 |
| COOPER GARTH | AAMES FUNDING CORP | SD | 14 | 0114 | | | | | 06-09-2005 | DE | 40195-368 | 6 |
| COOPER GARTH | AAMES HOME LOAN | SD | 14 | 0114 | | | | | 06-09-2005 | DE | 40195-368 | 6 |
| COOPER GARTH C | MEDUTY PRINCE AMUN RA | POA | | | | | | | 02-01-2022 | DE | 65195-597 | 7 |
| COOPER GARTH C | MEDUTY PRINCE AMUN RA | POA | | | | | | | 03-07-2022 | DE | 65362-648 | 7 |

**Available Data Through**

05/27/2026 10:24 PM

Current Search
Name: COOPER GARTH
Date: Data thru 05/27/2026 = (All years)
Show: Grantor and Grantee (By Default)
BookType: ALL

* Search performed based on your criteria Ask for assistance if unable to locate your information.

Help (F1) | Data (F2) | Image (F3) | Sale Price (F5) | Next (PgDn) | Prev (PgUp) | Go to Check Out (F10) | Add to Print Cart (F11) | Done (F12)

Screen Nbr: 11

CHÉ ALEXANDER, CLERK OF S

| | NAME | NAME | INSTR |
|---|---|---|---|
| 1 | COOPER GARTH | MERS | SD |
| 1 | COOPER GARTH | MERS | SD |
| 1 | COOPER GARTH | MERS | SD |
| 1 | COOPER GARTH | VILLAGE CAPITAL & INVESTMENT LLC | FCD |
| 1 | COOPER GARTH | VILLAGE CAPITAL & INVESTMENT LLC | FCD |
| 1 | COOPER GARTH | VILLAGE CAPITAL & INVESTMENT LLC | FCD |
| 1 | COOPER GARTH | VILLAGE CAPITAL & INVESTMENT LLC | FCD |
| 1 | COOPER GARTH | VILLAGE CAPITAL & INVESTMENT LLC | FCD |
| 1 | COOPER GARTH | VILLAGE CAPITAL & INVESTMENT LLC | FCD |
| 1 | COOPER GARTH | VILLAGE CAPITAL & INVESTMENT LLC | FCD |
| 1 | COOPER GARTH | VILLAGE CAPITAL & INVESTMENT LLC | FCD |
| 1 | COOPER GARTH | VILLAGE CAPITAL & INVESTMENT LLC | FCD |
| 1 | COOPER GARTH | VILLAGE CAPITAL & INVESTMENT LLC | FCD |
| 2 | COOPER GARTH | LESTER DAKKARI | WD |
| 1 | COOPER GARTH | MERS | SD |
| 1 | COOPER GARTH | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC | SD |
| 1 | COOPER GARTH | AMERICAS WHOLESALE LENDER | SD |
| 1 | COOPER GARTH | BANK OF NEW YORK TRUSTEE | FCD |
| 1 | COOPER GARTH | CERTIFICAT HOLDERS OF CWABS 2005 04 | FCD |
| 2 | COOPER GARTH | ROBINSON EDSEL F | WD |
| 1 | COOPER GARTH | AAMES FUNDING CORP | SD |
| 1 | COOPER GARTH | AAMES HOME LOAN | SD |
| 1 | COOPER GARTH | AAMES FUNDING CORP | SD |
| 1 | COOPER GARTH | AAMES HOME LOAN | SD |
| 1 | COOPER GARTH C | MEDUTY PRINCE AMUN RA | POA |
| 2 | COOPER GARTH C | MEDUTY PRINCE AMUN RA | POA |

**Available Data Through**

05/27/2026 10:24 PM

Current Search
Name: COOPER GARTH
Date: Data thru 05/27/2026 = (All years)
Show: Grantor and Grantee (By Default)
BookType: ALL

Help (F1)

Data (F2) Image (F3) Sale Price (F5) Next (PgDn) Prev

should be made to determine the existence of a written grant of agency and that the exercise of the agency is reasonably within the purposes for which the agency was granted. If a document is executed under seal by an agent and the grant of agency is not under seal, the document executed by the agent is also deemed not under seal.

*Comment: The source of this Standard is Georgia Laws 1993, Page 457; (O.C.G.A. Section 10-6-2). This statute, which repealed the so-called "Equal Dignity Rule," became effective July 1, 1993. Under prior law, documents executed by agents having greater formality than that of the document creating the agency were void. See, e.g., Thomason v. Wilson, 127 Ga. 141, 56 S.E. 302 (1906); Byrd v. Piha, 165 Ga. 397, 131 S.E. 48 (1927). Prior law was modified effective July 1, 1991 to provide that documents executed by an agent under seal were not invalid merely because the agency grant was not under seal (Ga. Laws 1991, Page 410).*

## 8.5 Power of Attorney

If the execution of any document in the chain of title is made by an attorney-in-fact, it is better practice that the title examiner be able to verify that: the power of attorney is dated, properly executed, witnessed and recorded; empowers the attorney to execute the document; refers to the real property as specifically as possible; and at the time the attorney executed the document, the power of attorney had not been terminated of record by the principal, nor was there any evidence of record that the principal was deceased or mentally incompetent at that time, if the power of attorney provides that it terminates in the event of mental incompetency. As of July 1, 1999, a power of attorney is not terminated and remains durable, if the principal becomes mentally incompetent, unless the power of attorney provides to the contrary. The July 1, 2017 adoption of the Uniform Power of Attorney Act continues the durability of a power of attorney unless the principal states otherwise in the "Special Instructions" section of the new financial power of attorney form. The original power of attorney, or a copy of said, should be recorded as an exhibit to the conveyance document signed under power. If the examiner is dissatisfied with any of these facts surrounding the power of attorney, then the examiner should raise his/her objections to the client to permit the closing attorney to resolve the matter.

*Comment: See the Comment above to Standard 8.4.*
*Comment: Attestation*

*In order for a power of attorney to be entitled to recording, it should be attested in the same manner as deeds. See Dodge v. American Freehold Land Mortg. Co. of London, 109 Ga. 394, 34 S.E. 672 (1899). As of July 1, 2015, to be entitled to be recorded, the power should be attested by an officer as provided in O.C.G.A. 44-2-15, and attested by one other witness. O.C.G.A. Section 44-5-30. See Section 4.5, infra.*

## 17.2 Deed Under Power of Sale

A deed under power of sale executed by the grantee of a security instrument or any subsequent assignee thereof pursuant to a valid power of attorney contained in the security instrument conveys marketable title (provided title was marketable at the time the security instrument was given) to the property described therein if the deed under power of sale contains recitals as to the security instrument containing the power of sale, default, proper legal advertisement, the time, place and results of the sale and compliance with notice requirements of O.C.G.A. Section 44-14-162.2 or facts which render such notice inapplicable. All such recitals in a deed under power of sale may be relied on if there is no irregularity on its face and no other matters appear of record which would render any such recital questionable and necessitate further inquiry. The deed under power of sale should be cross-referenced to the foreclosed security instrument.

Inconsequential scrivener's errors in the legal description in the security instrument can be corrected in describing the property in the deed under the power of sale. However, an invalid legal description in the security instrument cannot be corrected by a foreclosure sale.

A deed under power of sale resulting from the foreclosure of a junior security instrument should reference senior security instruments. If a deed under power of sale of a junior security instrument does not reference senior security instruments, it should be established that reference to such senior instruments in the foreclosure advertisement was made and a corrective deed under power of sale required. Such inquiry and corrective work is not necessary if in the opinion of the examiner sufficient time following the foreclosure sale has elapsed to render an action to set aside the foreclosure sale unlikely.

*Comment: The deed under power of sale should be executed by the holder of the security instrument as attorney in fact for the debtor. However, a deed under power of sale executed by the holder in its own name will not render title unmarketable if sufficient recitals in the deed indicate that it was executed in representative capacity of the debtor. [Garrett v. Crawford, 128 Ga. 519, 57 S.E. 792 (1907)]. Unless expressly prohibited by the security instrument, successors may exercise the power of sale. (O.C.G.A. Section 23-2-114). For requirements of transfers see O.C.G.A. Section 44-14-64.*

*The foreclosed security instrument should be notated as "foreclosed" and reference should be inserted to the deed book and page of the deed under power of sale. See O.C.G.A. Section 44-14-160.*

*O.C.G.A. Section 9-13-140 requires the legal advertisement to give a full and complete description of the property to be sold. [Shantha v. West Georgia National Bank, 145 Ga. App. 712, 244 S.E.2d 643 (1978)].*

E

**ALR.** - Right to recover against employee or his bond for money or property, the fruits of an employment involving a violation of law, *2 A.L.R. 906* .

Validity of rule or stipulation making messenger in employment of telegraph company agent of sender in taking message to office for transmission, *9 A.L.R. 1235* .

One doing work under a cost plus contract as an independent contractor or a servant or an agent, *55 A.L.R. 291* .

Regulations, rules, customs, or usage of stock or produce exchange or of stock or produce broker as affecting customers, *79 A.L.R. 592* .

Lessee as agent of lessor within contemplation of mechanic's lien laws, *79 A.L.R. 962* ; *163 A.L.R. 992* .

Doctrine of ratification invoked to charge one person with responsibility for the negligence of another not authorized to act for him, *85 A.L.R. 915* .

Right of one who deals with another as principal to set up latter's apparent authority as agent, *95 A.L.R. 1319* .

Trustee in mortgage securing bonds as agent of obligor or holder of bonds as regards deposit or payment in respect of principal or interest, *96 A.L.R. 1233* .

Liability of bank for losses incurred on loans or investments made on recommendation of its officers or employees, *113 A.L.R. 246* .

Profession at time of act or contract to be acting for another as a necessary condition of its ratification by latter, *124 A.L.R. 893* .

When agency for sale of goods deemed exclusive agency, in the absence of express provision in that regard, *126 A.L.R. 1233* .

What amounts to ratification by owner of unauthorized employment by broker or agent of subagent to procure a sale or purchase of property, *136 A.L.R. 1418* .

What amounts to ratification by principal or master of libel or slander by agent or servant, *139 A.L.R. 1066* .

Variance between allegation and proof as regards identity of servant or agent for whose acts defendant is sought to be held responsible, *139 A.L.R. 1152* .

Advertising agency as agent of advertising medium or of advertiser, *53 A.L.R. 1139* .

Liability of partners or partnership for libel, 88 A.L.R.2d 474.

Continuation of agency beyond contract period as extending.contract for like period, 6 A.L.R.3d 1352.

Hospital's liability for negligence in connection with preparation, storage, or dispensing of drug or medicine, 9 A.L.R.3d 579.

Doctrine of apparent authority as applied to agent of municipality, 77 A.L.R.3d 925.

## 10-6-2. Formality necessary to create agency.

Where the exercise or performance of an agency is by written instrument, the agency shall also be created by written instrument; provided, however, unless a contrary intent is expressly set forth therein, any written instrument creating an agency regardless of the formality of its execution shall conclusively be deemed to authorize the execution of instruments with the formalities necessary or appropriate to accomplish the purposes for which the agency was granted. A corporation may create an agent in its usual mode of transacting business and without its corporate seal. Any deed or other instrument executed under seal pursuant to an agency created by an act not under seal, if not otherwise required to be under seal for its validity, shall be binding upon the principal and valid as if an unsealed instrument.

(Orig. Code 1863, § 2160; Code 1868, § 2156; Code 1873, § 2182; Code 1882, § 2182; Civil Code 1895, § 3002; Civil Code 1910, § 3574; Code 1933, § 4-105; Ga. L. 1991, p. 410, § 1; Ga. L. 1993, p. 457, § 1.)

**Law reviews.** - For article surveying recent legislative and judicial developments in Georgia's real property laws, see 31 Mercer L. Rev. 187 (1979).

### *JUDICIAL DECISIONS*

ANALYSIS

General Consideration
Real Estate Transactions
Corporate Agents

#### General Consideration

**Editor's notes.** - Some of the cases cited below were decided prior to the 1991 amendment, which added the last sentence.

**Power to execute instrument under seal must be conferred by instrument under seal.** Pollard & Co. v. Gibbs, *55 Ga. 45* (1875); McCalla v. American Freehold Land Mtg. Co., *90 Ga. 113* , *15 S.E. 687* (1892); Overman v. Atkinson, *102 Ga. 750* , *29 S.E. 758* (1897); Hayes v. City of Atlanta, *1 Ga. App. 25* , *57 S.E. 1087* (1907); Neely & Co. v. Stevens, *138 Ga. 305* , *75 S.E. 159* (1912); Harris v. Woodard, *144 Ga. 211* , *86 S.E. 1097* (1915).

**Changing promissory note into sealed instrument.** - Changing of an ordinary promissory note into a sealed instrument is the making of a sealed instrument, and the authority to make this radical change in the paper must be evidenced in the same way that authority to make a sealed instrument in the first instance would have to be shown. Thomason v. Wilson, *127 Ga. 141* , *56 S.E. 302* (1906).

**Section not limited to execution of instruments under seal.** - There is nothing in this section which confines it to agencies created for the execution of instruments under seal. It lays down a broad and sweeping rule for the creation of all agencies. Byrd v. Piha, *165 Ga. 397* , *141 S.E. 48* (1927).

**Authority to execute contract required to be in writing must be in writing.** Nalley v. Whitaker, *102 Ga. App. 230* , *115 S.E.2d 790* (1960).

If the law prescribes that the act can be executed by the principal only by writing, then the act creating the agency must be executed with the same formality; that is, the agency must be created by writing. Byrd v. Piha, *165 Ga. 397* , *141 S.E. 48* (1927); Terry v. Kean, *180 Ga. 627* , *180 S.E. 135* (1935); Union Camp Corp. v. Dyal, 460 F.2d 678 (5th Cir.), cert. denied, 409 U.S. 849, *93 S. Ct. 56* , *34 L. Ed. 2* d 90 (1972).

Proper construction of this section is that agencies for the execution of agreements which are required to be made by principals to be in writing must be created by written authority; otherwise the purpose of the statute of frauds, which is to prevent frauds and perjuries, would be virtually done away with. Byrd v. Piha, 165 Ga. 397 , *141 S.E. 48* (1927), disapproving, Brandon v. Pritchett, *126 Ga. 286* , *55 S.E. 241* , 7 Ann. Cas. 1093 (1906); Terry v. Kean, *180 Ga. 627* , *180 S.E. 135* (1935); Atlanta Biltmore Hotel Corp. v. Martell, *118 Ga. App. 172* , *162 S.E.2d 815* (1968). But see Hirsh & Co. v. Beverley, *125 Ga. 657* , *54 S.E. 678* (1906) (authority to sell mules and apply proceeds); Wesley v. Boyd, *10 Ga. App. 9* , *72 S.E. 514* (1911); McNamara v. Georgia Cotton Co., *10 Ga. App. 669* , *73 S.E. 1092* (1912) (authority to purchase cotton); Builders Homes of Ga., Inc. v. Wallace Pump & Supply Co., *128 Ga. App. 779* , *197 S.E.2d 839* (1973) (guaranty by agent authorized or principal estopped to deny authority).

Lease of land for seven years being required to be in writing, if the agent signs for the principal, the agent's authority must be in writing. Baxley Hdwe. Co. v. Morris, *165 Ga. 359* , *140 S.E. 869* (1927), commented on in 1 Ga. L. Rev. No. 3, p. 51 (1927).

Terry v. Kean, *180 Ga. 627* , *180 S.E. 135* (1935); Deal v. Dickson, *232 Ga. 885* , *209 S.E.2d 214* (1974); Turnipseed v. Jaje, *267 Ga. 320* , *477 S.E.2d 101* (1996).

Third party seeking to compel a principal to deed real property alleged to have been acquired by written instrument with the agent must show written authority held by the agent empowering the agent to act. Dover v. Burns, *186 Ga. 19* , *196 S.E. 785* (1938).

When the plaintiffs' rights in a suit for breach of contract to sell real estate must stand or fall on the contract set up by it and there was no evidence that the plaintiff-husband had authority in writing to execute the contract, nor that it was ratified in writing, nor that the defendant buyer had notice thereof and by the buyer's subsequent conduct was estopped to deny the validity of the same, the evidence demanded a verdict for the defendant. Hubert Realty Co. v. Bland, *79 Ga. App. 321* , *53 S.E.2d 691* (1949).

Written authority to the agent must be shown to support the agent's sale or lease of the principal's lands. Union Camp Corp. v. Dyal, 460 F.2d 678 (5th Cir.), cert. denied, 409 U.S. 849, *93 S. Ct. 56* , *34 L. Ed.* 2 d 90 (1972).

This section requires that the agent's power to sell land must be in writing, absent later ratification of the agent's acts or estoppel of the agent's principal to deny the agent's authority. Union Camp Corp. v. Dyal, 460 F.2d 678 (5th Cir.), cert. denied, 409 U.S. 849, *93 S. Ct. 56* , *34 L. Ed.* 2 d 90 (1972).

A contract to sell land, as distinguished from authority to execute a deed to land, is not binding upon a principal if there is no written authority given the agent and the contract to sell is oral. Jones v. Sheppard, *231 Ga. 223* , *200 S.E.2d 877* (1973).

In an action premised on allegations of a breach of a land sales contract between a group of sellers and an investor, because the only evidence showing any authority to act as an agent for the sellers was based on hearsay, and not on a writing, and no exception applied, two of the sellers were entitled to a directed verdict against the investor pursuant to O.C.G.A. § 13-5-30(4). Dunn v. Venture Bldg. Group, Inc., *283 Ga. App. 500* , *642 S.E.2d 156* (2007).

**Authority of agent to execute option contract.** - Because the statute of frauds requires that an option contract for the purchase of land be in writing, the authority of an agent to execute such a contract likewise must be in writing. Garrett v. S. Health Corp. of Ellijay, Inc., *320 Ga. App. 176* , *739 S.E.2d 661* (2013).

**Unauthorized conveyance of land cannot be ratified except by writing under seal.** McCalla v. American Freehold Land Mtg. Co., *90 Ga. 113* , *15 S.E. 687* (1892).

**No witnesses needed for authority to sell mortgaged property.** - Contract whereby mortgagor is authorized to convey mortgaged property by agreement between the mortgagor and the mortgagee is not a power of attorney to the mortgagor to sell land of which the title is in the mortgagee, but only the consent of the lienholder to the release of the lien in case a sale is made, and it is not required by the laws of Georgia to be executed before two witnesses under former Code 1882, § 2690. Woodward v. Jewell, 140 U.S. 247, *11 S. Ct. 784* , *35 L. Ed. 478* (1891).

**Agent cannot execute contract containing provision requiring principal's execution.** - A proposed lease agreement negotiated by various representatives of landlord and tenant through conversations and exchanged correspondence did not constitute a binding, written agreement in view of a clause in the agreement providing that the lease would become effective "only upon execution and delivery by Landlord and Tenant." 20/20 Vision Ctr., Inc. v. Hudgens, *256 Ga. 129* , *345 S.E.2d 330* (1986).

**Partnership to own real estate.** - Partnership formed for the purpose of acquiring interest in tracts of land must be executed in writing. Shivers v. Sexton, *164 Ga. App. 490* , *296 S.E.2d 749* (1982).

**Spouse of seller as promisor.** - Fact that promisor was seller's husband did not negate the need for a written authorization to convey or promise to convey any interest in the seller's land. Since the promisor had no written authorization and the buyers never asked for one, an agency was not established as a matter of law. East Piedmont 120 Assocs. v. Sheppard, *209 Ga. App. 664* , *434 S.E.2d 101* (1993).

Construction and application of statute which enables real estate broker to recover commissions on oral contract with owner who has been served with written notice of the terms thereof, *148 A.L.R. 676* .

Advertising agency as agent of advertising medium or of advertiser, 53 A.L.R.2d 1139.

Doctrine of apparent authority as applied to agent of municipality, 77 A.L.R.3d 925.

## 10-6-3. Who may be agent.

Any person who is of sound mind may be appointed an agent; so a principal shall be bound by the acts of his infant agent.

(Orig. Code 1863, § 2159; Code 1868, § 2155; Code 1873, § 2181; Code 1882, § 2181; Civil Code 1895, § 3001; Civil Code 1910, § 3573; Code 1933, § 4-102.)

### JUDICIAL DECISIONS

**Insane persons are generally declared incompetent to be agents.** Central of Ga. Ry. v. Hall, *124 Ga. 322* , *52 S.E. 679* , *110 Am. St. R. 170* , 4 L.R.A. (n.s.) 898, 4 Ann. Cas. 128 (1905).

**Bank or lending institution may act as agent for another.** Heard v. Decatur Fed. Sav. & Loan Ass'n, *157 Ga. App. 130* , *276 S.E.2d 253* (1980).

**Attorney at law is agent of highest rank for client.** Scroggins v. Powell, Goldstein, Frazer & Murphy (In re Kaleidoscope, Inc.), 15 Bankr. 232 (Bankr. N.D. Ga. 1981), rev'd on other grounds, 25 Bankr. 729 (N.D. Ga. 1982).

**Cited in** Puckett v. Reese, *203 Ga. 716* , *48 S.E.2d 297* (1948); Butler v. Moore, *125 Ga. App. 435* , *188 S.E.2d 142* (1972); Pendley v. Jessee, *134 Ga. App. 138* , *213 S.E.2d 496* (1975).

### RESEARCH REFERENCES

**Am. Jur. 2d.** - 3 Am. Jur. 2d, Agency, § 12 et seq.

**C.J.S.** - 2A C.J.S., Agency, §§ 25, 28.

**ALR.** - Infant's appointment of agent, and acts of agent thereunder, as void or voidable, *31 A.L.R. 1001* .

## 10-6-4. Fiduciaries may convey by attorneys in fact.

a. Personal representatives, guardians, conservators, and trustees are authorized to sell and convey property by attorneys in fact in all cases where they may lawfully sell and convey in person.
b. When a personal representative, guardian, conservator, or trustee exercising the authority conferred by subsection (a) of this Code section appoints an attorney in fact by a power of attorney to which Chapter 6B of this title is applicable under Code Section 10-6B-81, the exercise of fiduciary powers by such attorney in fact under such power of attorney shall be subject to Code Section 10-6B-40.
(Ga. L. 1855-56, p. 148, § 11; Code 1868, § 2154; Code 1873, § 2180; Code 1882, § 2180; Civil Code 1895, § 3000; Civil Code 1910, § 3572; Code 1933, § 4-104; Ga. L. 2006, p. 805, § 1/SB 534; Ga. L. 2020, p. 377, § 2-8/HB 865.)

**The 2020 amendment,** effective January 1, 2021, designated the existing provisions as subsection (a), substituted "Personal representatives" for "Executors, administrators" in subsection (a), and added subsection (b).

### JUDICIAL DECISIONS

**Effective date.** - This Code section became effective July 1, 2017.

# ARTICLE 2 RELATIONS BETWEEN PRINCIPAL AND AGENT

Cross references. - Indemnification of corporate directors and officers, § 14-2-850 et seq.

### RESEARCH REFERENCES

**ALR.** - Validity of factor's pledge of his principal's property, *14 A.L.R. 423* .

Liability of third person for aiding agent or employee in breach of duty to principal or employer, *45 A.L.R. 1481* .

Validity of contract negotiated by agent acting for both parties, *48 A.L.R. 917* .

Liability of agent for acts or omissions of subagent, *61 A.L.R. 277* .

Regulations, rules, custom, or usage of stock or produce exchange or of stock or produce broker as affecting customers, *79 A.L.R. 592* .

Right as between two principals of common agent who misappropriates funds of one of them in order to make good misappropriation of funds of other, *86 A.L.R. 537* .

Ratification by customer of stockbroker's wrongful purchase or sale of securities on his account, or failure to comply with instructions, *87 A.L.R. 794* .

Agent's liability to principal on account of money or property received on latter's account, as affected by his restoration of same to, or his application thereof for benefit of, third person, *98 A.L.R. 1429* .

Right of one other than principal to repudiate transaction because of common agency unknown to principal, *147 A.L.R. 772* .

Availability of equitable remedy of accounting between principal and agent, 3 A.L.R.2d 1310.

Rights of parties under oral agreement to buy or bid in land for another, 27 A.L.R.2d 1285.

Abstracter's duty and liability to employer respecting matters to be included in abstract, 28 A.L.R.2d 891.

Power of real-estate broker to execute contract of sale in behalf of principal, 43 A.L.R.2d 1014.

Duty of real-estate broker to disclose identity of purchaser or lessee, 2 A.L.R.3d 1119.

## 10-6-20. Rights under agency for illegal purpose.

No rights shall arise to either party out of an agency created for an illegal purpose.

(Orig. Code 1863, § 2169; Code 1868, § 2165; Code 1873, § 2191; Code 1882, § 2191; Civil Code 1895, § 3018; Civil Code 1910, § 3590; Code 1933, § 4-201.)

### JUDICIAL DECISIONS

**Scope of agent's power.** - There is conferred upon agent no greater power than that possessed by the principal. Tippins v. Cobb County Parking Auth., *213 Ga. 685* , *100 S.E.2d 893* (1957).

There was no merit to a homeowner's argument that a restrictive covenant barring "For Sale" signs in a subdivision did not apply to the homeowner's real estate agent; under O.C.G.A. §§ 10-6-20 and 10-6-25 , an agent could do no more than a principal. Godley Park Homeowners Ass'n v. Bowen, *286 Ga. App. 21* , *649 S.E.2d 308* (2007).

**Principal may recover future money deposited with agent for speculation,** as the action is not one to enforce an illegal contract, but to recover money in the hands of an agent belonging to the principal. Clark,

Harrison & Co. v. Brown, *77 Ga. 606* , *4 Am. St. R. 98* (1886).

**Cited in** Iteld v. Karp, *85 Ga. App. 835* , *70 S.E.2d 378* (1952).

## RESEARCH REFERENCES

**Am. Jur. 2d.** - 3 Am. Jur. 2d, Agency, §§ 17, 55.

**ALR.** - Right to recover against employee or his bond for money or property, the fruits of an employment involving a violation of law, *2 A.L.R. 906* .

Right to recover money which the plaintiff placed in the hands of an agent, to be used for gambling purposes, *3 A.L.R. 1635* .

Illegality of transaction or proposed transaction as affecting right of real estate broker to commission for promoting it, *85 A.L.R. 274* .

## 10-6-21. Extent of agent's authority; liability for exceeding, violating, or disregarding instructions.

The agent shall act within the authority granted to him, reasonably interpreted; if he shall exceed or violate his instructions, he does it at his own risk, the principal having the privilege of affirming or dissenting, as his interest may dictate. In cases where the power is coupled with an interest in the agent, unreasonable instructions, detrimental to the agent's interest, may be disregarded.

(Orig. Code 1863, § 2162; Code 1868, § 2158; Code 1873, § 2184; Code 1882, § 2184; Civil Code 1895, § 3004; Civil Code 1910, § 3576; Code 1933, § 4-202.)

Cross references. - Authority of attorney to act on behalf of client, § *15-19-5* et seq.

**Law reviews.** - For article, "Theories of Stockbroker and Brokerage Firm Liability," see 9 Ga. St. B. J. 12 (2004). For annual survey of real property law, see 57 Mercer L. Rev. 331 (2005).

## JUDICIAL DECISIONS

ANALYSIS

General Consideration
Power Coupled with Interest
When Principal Bound by Agent's Act
1. Generally
2. Act of Subagent Appointed by Agent

### General Consideration

**Agent must follow principal's instructions.** - When the directions to an agent are clear and well defined, it is the agent's duty to follow the directions faithfully, provided this may be lawfully done; although the agent is, in the absence of instructions, bound to follow the established usage or mode of dealing, yet no custom or usage will authorize a departure from positive instructions; the instructions of the principal make the law by which the agent is governed. J. Day & Co. v. Crawford, *13 Ga. 508* (1853); McLendon v. Wilson, Callaway & Co., *52 Ga. 41* (1874); Hatcher & Baldwin v. Comer & Co., *73 Ga. 418* (1884); Central of Ga. Ry. v. Felton, *110 Ga. 597* , *36 S.E. 93* (1900).

**Specific instructions control general authority.** - If specific instructions as to a particular matter have been given, the agent is charged with strict compliance with such instructions, no matter how broad the general powers as agent may otherwise have been. Lovejoy v. Lamar, *20 Ga. App. 499* , *93 S.E. 153* (1917).

F

casetext
Part of Thomson Reuters

# Ga. Code § 10-6B-70

Section 10-6B-70 - Form power of attorney

A document substantially in the following form may be used to create a statutory form power of attorney that has the meaning and effect prescribed by this chapter.

State of Georgia

County of ________________

**STATUTORY FORM POWER OF ATTORNEY**

**IMPORTANT INFORMATION**

This power of attorney authorizes another person (your agent) to make decisions concerning your property for you (the principal). Your agent will be able to make decisions and act with respect to your property (including your money) whether or not you are able to act for yourself. The meaning of authority over subjects listed on this form is explained in O.C.G.A. Chapter 6B of Title 10.

This power of attorney does not authorize the agent to make health care decisions for you.

You should select someone you trust to serve as your agent. Unless you specify otherwise in the Special Instructions, generally the agent's authority will continue until you die or revoke the power of attorney or the agent resigns or is unable to act for you.

Your agent is not entitled to any compensation unless you state otherwise in the Special Instructions. Your agent shall be entitled to reimbursement of reasonable expenses incurred in performing the acts required by you in your power of attorney.

This form provides for designation of one agent. If you wish to name more than one agent, you may name a successor agent or name a coagent in the Special Instructions. Coagents will not be required to act together unless you include that requirement in the Special Instructions.

If your agent is unable or unwilling to act for you, your power of attorney will end unless you have named a successor agent. You may also name a second successor agent.

This power of attorney shall be durable unless you state otherwise in the Special Instructions.

This power of attorney becomes effective immediately unless you state otherwise in the Special Instructions.

**If you have questions about the power of attorney or the authority you are granting to your agent, you should seek legal advice before signing this form.**

**DESIGNATION OF AGENT**

I ________________ (Name of principal) name the following person as my agent:

Name of agent: ________________

# Ga. Code § 10-6B-71

Section 10-6B-71 - Optional form for agent certification of facts

The following optional form may be used by an agent to certify facts concerning a power of attorney.

**"AGENT'S CERTIFICATION AS TO THE VALIDITY OF**

**POWER OF ATTORNEY AND AGENT'S AUTHORITY**

State of Georgia

County of ________________

I, ________________ (name of agent), certify under penalty of perjury that ________________ (name of principal) granted me authority as an agent or successor agent in a power of attorney dated ________________.

I further certify that to my knowledge:

(1) The principal is alive and has not revoked the power of attorney or my authority to act under the power of attorney and the power of attorney and my authority to act under the power of attorney have not terminated;
(2) If the power of attorney was drafted to become effective upon the happening of an event or contingency, the event or contingency has occurred;
(3) If I were named as a successor agent, the prior agent is no longer able or willing to serve; and
(4) ________________

________________

________________

________________

________________

(Insert other relevant statements)

**SIGNATURE AND ACKNOWLEDGMENT**

________________ ________________

Agent's signature Date

________________

Agent's name printed

________________

casetext
Part of Thomson Reuters

- 5B. Deceptive, Fraudulent, or Abusive Telemarketing, 10-5B-1 through 10-5B-8.
- 6. Agency, 10-6-1 through 10-6-142.
- 6A. Brokerage Relationships in Real Estate Transactions, 10-6A-1 through 10-6A-16.
- 6B. Georgia Power of Attorney, 10-6B-1 through 10-6B-81.
- 7. Suretyship, 10-7-1 through 10-7-57.
- 8. Economic Development Council, 10-8-1 through 10-8-5. [Repealed], 10-8-1 through 10-8-5.
- 9. Geo. L. Smith II Georgia World Congress Center, 10-9-1 through 10-9-61.
- 10. Seed-Capital Fund, 10-10-1 through 10-10-20.
- 11. Business Records, 10-11-1 through 10-11-3.
- 12. Electronic Transactions, 10-12-1 through 10-12-20.
- 13. Tobacco Product Manufacturers, 10-13-1 through 10-13-4.
- 13A. Master Settlement Agreement Enhancements, 10-13A-1 through 10-13A-10.
- 14. Cemetery and Funeral Services, 10-14-1 through 10-14-30.
- 15. Business Administration, 10-15-1 through 10-15-7.

**10-6B-6. Validity of power of attorney; effect of copy.**

a. A power of attorney executed in this state on or after July 1, 2017, shall be valid if its execution complies with Code Section 10-6B-5.

b. A power of attorney executed other than in this state shall be valid in this state if, when the power of attorney was executed, the execution complied with:

   1. The law of the jurisdiction that determines the meaning and effect of the power of attorney pursuant to Code Section 10-6B-7; or
   2. The requirements for a military power of attorney pursuant to 10 U.S.C. Section 1044b, in effect on February 1, 2018.

c. Except as otherwise provided by law other than this chapter, a photocopy or electronically transmitted copy of an original power of attorney shall have the same effect as the original; provided, however, that when recording a power of attorney in connection with a conveyance involving real property, a power of attorney shall be in a form that complies with Part 1 of Article 1 of Chapter 2 of Title 44.

# Chapter 6b. Georgia Power of Attorney Act

## Article 1. General Provisions

- OCGA § 10-6B-1 Short Title
- OCGA § 10-6B-2 Definitions
- OCGA § 10-6B-3 Applicability
- OCGA § 10-6B-4 Power of Attorney Is Durable
- OCGA § 10-6B-5 Execution of Power of Attorney
- OCGA § 10-6B-6 Validity of Power of Attorney; Effect of Copy
- OCGA § 10-6B-7 Controlling Law
- OCGA § 10-6B-8 Nomination of Conservator; Relationship of Agent to Court-Appointed Fiduciary; Finding of Incapacity
- OCGA § 10-6B-9 When Power of Attorney Effective
- OCGA § 10-6B-10 Termination of Power of Attorney and Agent's Authority; Third-Party Reliance; Filing Notice of Revocation With Clerk
- OCGA § 10-6B-11 Designation of Coagents; Role of Successor Agent; Notification of Violation
- OCGA § 10-6B-12 Compensation
- OCGA § 10-6B-13 Agent's Acceptance of Appointment
- OCGA § 10-6B-14 Duties of Agents
- OCGA § 10-6B-15 Waivers of Agent Liability
- OCGA § 10-6B-16 Petition For Construction of Power of Attorney Or Role of Agent; Reimbursement For Fees and Expenses
- OCGA § 10-6B-17 Agent's Liability to Principal
- OCGA § 10-6B-18 Resignation of Agent
- OCGA § 10-6B-19 Acceptance of and Reliance Upon Attested Power of Attorney; Request For Additional Information
- OCGA § 10-6B-20 Liability For Refusal to Accept Power of Attorney
- OCGA § 10-6B-21 Principles of Law and Equity
- OCGA § 10-6B-22 Laws Applicable to Financial Institutions and Entities
- OCGA § 10-6B-23 Rights and Remedies Under Other Law

## Article 2. Authority of Agents

- OCGA § 10-6B-40 Agent Authority that Requires Specific Grant; Granting of General Authority; Prohibited Authorizations; Petitions For Authority
- OCGA § 10-6B-41 References to General Authority In Powers of Attorney; Modifications
- OCGA § 10-6B-42 Construction of Authority of Agent Generally

G

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CLAIRE DEES,<br><br>Appellant,<br><br>v.<br><br>NEW REZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING AS SERVICER FOR THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK AS TRUSTEE FOR THE CWALT, INC., ALTERNATIVE LOAN TRUST 2005-51M MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2005-51,<br><br>Appellee. | CIVIL ACTION NO.:<br>1:19-CV-05543-JPB |

**ORDER**

This matter is before the Court on Claire Dees's ("Appellant") Bankruptcy Appeal. This Court finds as follows:

**BACKGROUND AND PROCEDURAL HISTORY**

On May 23, 2019, Appellant filed a Voluntary Petition for Individuals Filing for Bankruptcy ("Petition")—her fourteenth bankruptcy action in the past nine years—in the Bankruptcy Court for the Northern District of Florida ("Florida Bankruptcy Court"). [Doc. 3-1]. Shortly after the filing, Appellant was advised

Dockets.Justia.com

that her Petition contained various deficiencies and was missing multiple schedules. [Doc. 3-10, p. 1].

On July 5, 2019, New Rez LLC ("Appellee"), who asserted that it was the servicer for Bank of New York Mellon, filed its Motion for Prospective Relief from Automatic Stay. [Doc. 3-16, p. 1]. Before the motion was ruled upon, however, on January 8, 2020, the Florida Bankruptcy Court transferred Appellant's Petition to the Bankruptcy Court for the Northern District of Georgia ("Georgia Bankruptcy Court"). [Doc. 3-81, p. 1]. First and foremost, the Florida Bankruptcy Court acknowledged that Appellant's Petition was a blatant attempt of improper forum shopping that would not be tolerated. [Doc. 3-85, p. 16]. Also, it meticulously detailed Appellant's previous bankruptcy filings. Specifically, the Florida Bankruptcy Court noted that Appellant had filed a total of fourteen bankruptcy cases, each for the purported purpose of pursuing a refund for what Appellant argued is an invalid debt (the mortgage on her home)—the same debt that Appellee allegedly services. Id. at 2. Of the fourteen cases, all but two were dismissed because Appellant failed to file the required schedules, a Chapter 13 bankruptcy plan or make any plan payments. Id. at 2-8. Even in Appellant's most recent bankruptcy filing, she waited almost four months after the case commenced to file any schedules or a bankruptcy plan. Id. at 9.

On November 20, 2019, the Georgia Bankruptcy Court held an evidentiary hearing on Appellee's Motion for Prospective Relief from Automatic Stay. Before and during the hearing, the Georgia Bankruptcy Court made clear that it would rely on the findings of fact contained in the Transfer Order regarding Appellant's previous bankruptcy filings unless Appellant could prove other facts. [Doc. 3-112, p. 6]. Instead of addressing the previous bankruptcy filings, Appellant primarily argued that Appellee needed to provide "strict proof" that it holds an alleged note and that the mortgage is valid. Id. at 9. Appellant essentially argued that Appellee does not own the mortgage or have standing to enforce it, and therefore its motion should not be granted. Id. The Georgia Bankruptcy Court determined that the issue before it was not whether Appellee held the mortgage. Instead, the pertinent issue, in the court's view, was whether there had been a lengthy series of bankruptcy cases which have been filed to prevent whoever holds the mortgage from foreclosure. Id. at 26. Ultimately, the Georgia Bankruptcy Court found that there had been a lengthy series of bankruptcy cases filed for the purpose of delay and granted Appellee's motion on December 5, 2019. [Doc. 1-2]. On December 10, 2019, Appellant filed her Notice of Appeal. [Doc. 1-1].

## STANDARD OF REVIEW

When reviewing bankruptcy proceedings, the district court functions as an appellate court. In re Walker, 515 F.3d 1204, 1210 (11th Cir. 2008). As such, conclusions of law are reviewed *de novo* and findings of fact are reviewed for clear error. See In re Club Assocs., 951 F.2d 1223, 1228-29 (11th Cir. 1992) ("The Court reviews the Bankruptcy Court's factual findings for clear error and its legal conclusions *de novo*."). At issue in this case is a decision to lift the automatic stay. Importantly, "[a] decision to lift the stay is discretionary with the bankruptcy judge, and may be reversed only upon a showing of abuse of discretion." In re Dixie Broad., Inc., 871 F.2d 1023, 1026 (11th Cir. 1989). An abuse of discretion occurs if the bankruptcy judge applies an incorrect legal standard, fails to follow proper procedures or makes clearly erroneous findings of fact. See In re Hillsborough Holdings Corp., 127 F.3d 1398, 1401 (11th Cir. 1997) (discussing the abuse of discretion standard).

## ANALYSIS

Ordinarily, when a party files a voluntary bankruptcy petition, as Appellant did here, the filing triggers an automatic stay that protects a debtor "against actions to enforce, collect, assess or recover claims against the debtor or against property of the estate." United States v. White, 466 F.3d 1241, 1244 (11th Cir. 2006)

(citing 11 U.S.C. § 362(a)). Under certain circumstances, however, a bankruptcy court can grant relief from the automatic stay upon the request of a "party in interest." 11 U.S.C. § 362(d). Specifically, the bankruptcy court shall grant relief from a stay

> if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either—(A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or (B) multiple bankruptcy filings affecting such real property.

11 U.S.C. § 362(d)(4).

Appellant presents two different arguments on appeal. First, she argues that the evidence did not support the finding that her previous bankruptcy filings were part of a scheme to delay or hinder. Second, she argues that the Georgia Bankruptcy Court erred when it concluded that Appellee's standing to bring the Motion for Prospective Relief from Automatic Stay was irrelevant.

1. Evidentiary Support

In Appellant's first argument, she primarily complains that there was no witness testimony or actual documentary evidence presented to the court concerning her previous bankruptcies. This argument is without merit as Appellant's bankruptcy filing history is public record. After review, this Court finds that the evidence supported relief under 11 U.S.C. § 362(d)(4). Relying, at

least in part, on the detailed findings by the Florida Bankruptcy Court, the Georgia Bankruptcy Court meticulously explained Appellant's fourteen bankruptcy filings (two Chapter 7 cases and twelve Chapter 13 cases) and emphasized that most of them were dismissed based on Appellant's failure to comply with the Bankruptcy Code or other procedural rules. Specifically, in the Chapter 13 cases, Appellant routinely failed to file Chapter 13 plans, make payments pursuant to the plans or even file schedules. The Georgia Bankruptcy Court rightfully concluded that Appellant's purpose for repeatedly filing bankruptcy was not to seriously pursue bankruptcy but to simply hinder and delay foreclosure. Appellant's argument that it was Appellee who is responsible for any delay is unavailing because the argument does not address or justify Appellant's multiple failures to file schedules, make payments or comply with bankruptcy rules. Ultimately, under the circumstances presented here, this Court finds that the Georgia Bankruptcy Court was well within its discretion to decide that Appellant's fourteen bankruptcy filings within the past nine years evidenced an intent to delay and hinder any attempts to enforce the security interest on her home. See Owens v. GMAC Mortg., LLC, No. 1:11-cv-3442-JEC, 2012 WL 4381877, at *5 (N.D. Ga. Sept. 25, 2012) (holding that five bankruptcies filed in two years evidenced an intent to delay and hinder).

2. Standing

As stated previously, Appellant also argues that the Georgia Bankruptcy Court erred in determining that it need not decide whether Appellee had standing to bring the motion. During the hearing, the Georgia Bankruptcy Court stated that Appellee's standing to bring the motion was irrelevant

> because [Appellee] is the only person that has showed up in this bankruptcy case with regard to this claim. And unless there's evidence that at some other point somebody else took a position on this mortgage in some other bankruptcy case, that is good enough to establish that they have standing to enforce what they contend are their rights.

[Doc. 3-112, p. 15]. The Georgia Bankruptcy Court went on to state that

> [i]n my judgment if a creditor is the only one that shows up in the bankruptcy court trying to enforce this debt when payments have not been made for a significant amount of time, it is reasonable to assume that, that lender is the person that's entitled to worry about that problem.

Id. at 15-16. Although Appellant's repeated abuse of the bankruptcy process seems clear to this Court—especially after the obvious forum shopping attempt—this Court agrees with Appellant that the Georgia Bankruptcy Court erred in assuming that Appellee had standing to pursue its motion.

The plain language of 11 U.S.C. § 362(d) provides that requests for relief from the stay are permissible if made by "a party in interest." Because those who are not parties in interest are not permitted to seek a relief from the stay, this Court

finds that the Georgia Bankruptcy Court should have decided the threshold issue of whether Appellee was a party in interest before granting relief. Allegations determine whether a party has standing. In re Basson, 713 F. App'x 987, 987 n.1 (11th Cir. 2018). "To have statutory standing in a bankruptcy case, a party must be a 'party in interest.'" Id. at 987. Typically, both creditors and loan servicers are parties in interest. Baker v. Bank of Am., N.A., No. 20-10780, 2020 WL 7706473, at *4 (11th Cir. Dec. 29, 2020).

In this case, Appellee does nothing more than identify itself as the servicer for the Bank of New York Mellon. This is not enough. The single conclusory allegation contained in Appellee's motion was unsupported by any documentary evidence. Specifically, Appellee alleged in its motion that the loan is "currently serviced by Movant and a copy of the Agreement, together with an applicable servicing agreement or Power of Attorney, is attached hereto as Exhibit 'A.'" [Doc. 3-16, p. 1]. Despite this assertion, however, neither the servicing agreement nor Power of Attorney naming Appellee as the servicer was attached to Appellee's motion. Without these attachments, this Court finds that the single allegation fails to show that Appellee has a legal interest in the property as either a representative of the secured creditor or the servicer of the loan. Because Appellee has not shown standing, this Court finds that the Georgia Bankruptcy Court erred in granting

relief from the stay. On remand, Appellee need only show that it is a representative of the Bank of New York Mellon or the loan servicer—nothing more. See Baker, 2020 WL 7706473, at *4 (holding that a showing that an entity is a loan servicer and a representative of the secured creditor is "all that is required" to establish standing). See also Basson, 713 F. App'x at 988 (concluding that allegations that an entity was the holder of a promissory note combined with supporting documents such as copies of the note, the deed and assignments were sufficient to establish standing). Appellee need not show that the mortgage is valid or that the assignment was supported by consideration.

## CONCLUSION

For the foregoing reasons, the Georgia Bankruptcy Court's Order Granting Motion for Prospective Relief with Finding Pursuant to 11 U.S.C. § 362(d)(4) is **REVERSED**, and the case is **REMANDED** for further proceedings in accordance with this opinion.

**SO ORDERED** this 3rd day of March, 2021.

**J. P. BOULEE**
United States District Judge

H

# Standridge v. Spillers

**Full Name:** Standridge v. Spillers

**Citations:** 263 Ga. App. 401, 587 S.E.2d 862

**Docket Number:** A03A2001

**Date:** September 25, 2003

**587 S.E.2d 862 (2003)**

**263 Ga. App. 401**

STANDRIDGE v. SPILLERS et al.

No. A03A2001.

**Court of Appeals of Georgia.**

September 25, 2003.

*863 Lane & Jarriel, Thomas F. Jarriel, Macon, for appellant.

Edward N. Davis, Butler, for appellees.

BLACKBURN, Presiding Judge.

Michael Standridge ("Standridge"), as executor of the estate of Mildred J. Standridge and as administrator of the estate of Robert E. Standridge, appeals the denial of his motion for default judgment against Hazel Standridge Spillers and Will Ernest Standridge. Standridge contends that the court below erred by: (1) denying his motion for default judgment because the allegations of his complaint, which were admitted by default by Hazel Standridge Spillers and Will Ernest Standridge required judgment for Standridge; and (2) allowing Hazel Standridge Spillers and Will Ernest Standridge to introduce evidence on the issue of liability. For the reasons set forth below, we affirm.

This dispute concerns a parcel of land located in Taylor County. The property was acquired in 1943 by Willie Foster Standridge, the father of Robert E. Standridge, Hazel Standridge Spillers ("Spillers"), and Will Ernest Standridge. Willie Foster Standridge died in 1976, leaving a life estate in the property to his wife, Lucille Ivey Standridge, and the remainder to his three children. Upon the death of Lucille Ivey Standridge in 1993, Robert E. Standridge, Spillers, and Will Ernest Standridge each owned a one-third undivided interest in the property.

On March 29, 1995, Robert E. Standridge deeded his interest in the property to his wife, Mildred J. Standridge, by quitclaim deed. On June 30, 1995, Robert E. Standridge and Mildred J.

Standridge **executed separate powers of attorney** in **favor of** their daughter Kathy S. Mays ("Mays"). Both **powers of attorney authorized Mays**

> **[t]o sell, mortgage, encumber, convey, rent, lease, pledge, or otherwise dispose of, by deed with or without warranty, bill of sale, contract or otherwise, any property real or personal, which we may own [or] hereafter acquire, located in the State of Georgia**, for cash or upon such terms as said attorney in fact may deem advisable, and to execute appropriate deeds, conveyances or other instruments including contracts for that purpose.

On July 21, 1995, Mays, as attorney in fact for Robert E. Standridge and Mildred J. Standridge, conveyed the property by warranty deed to her aunt and uncle, Spillers and Will Ernest Standridge. The consideration for this deed was a $20,000 money order made payable to Mildred Standridge. Spillers and Will Ernest Standridge later sold timber from the property, receiving $63,521 as compensation.

Mays' brother, Michael Standridge, as executor of the estate of Mildred J. Standridge and as administrator of the estate of Robert E. Standridge, filed this action in 1999. The complaint contains two counts. The first count seeks to recover the property in question and the rents and profits generated by the property from Spillers and Will Ernest *864 Standridge. The second count, brought against Mays only, alleges the conversion of certain personal property belonging to the estate of Robert E. Standridge.

Although each defendant was served with the complaint, only Mays filed an answer.[1] Standridge requested that the court below schedule a hearing "for default judgment and hearing on damages." Subsequently, Standridge dismissed the complaint without prejudice as to Mays.

After the case was dismissed without prejudice for Standridge's failure to appear at the scheduled hearing, and after the dismissal was vacated by the court below, Standridge renewed his motion for default judgment against his aunt, Spillers, and his uncle, Will Ernest Standridge. Spillers and Will Ernest Standridge filed a brief opposing the motion for default judgment and provided documents establishing the chain of title to the property. The court below heard argument of Standridge's motion for default judgment on February 6, 2003.[2] On May 5, 2003, the court below entered an order denying Standridge's motion for default judgment.

1. Before turning to the merits, we must first examine this Court's jurisdiction over this appeal. "It is the duty of this Court on its own motion to inquire into its jurisdiction." (Citation and punctuation omitted.) Yeazel v. Burger King Corp.[3] If this Court finds that it has no jurisdiction over an appeal, it has the authority to dismiss the appeal on its own motion. Trammel v. Clayton County Bd. of Commrs.[4] Our jurisdiction is granted by Ga. Const.1983, Art. VI, § V, Par. III, and defined by statute.[5] An appeal which does not fall within this Court's jurisdiction must be dismissed for lack of jurisdiction. Lowe v. Payne.[6]

Standridge brings this appeal stating that "it is an appeal of a final judgment." However, the record reveals that the order Standridge appeals denied his motion for default judgment. "Our law distinguishes between a default, which involves an interlocutory matter, and a default judgment, which represents final judicial action and the vesting of rights." (Punctuation omitted.)

Nm: GARTH COOPER DocCpy-I CFN DE2022-0255499 ORB DE BK65956-PG0309 Pgs 1-1 Instr:ASGN SD Page : 1 of 1

I

Deed Book 65956 Page 309
Filed and Recorded 07/22/2022 05:48:00 PM
2022-0255499
CATHELENE ROBINSON
Clerk of Superior Court
Fulton County, GA
Participant IDs: 4705915718

FILE NO.: VCI-22-03547

RECORD AND RETURN TO:
Rubin Lublin, LLC
3145 Avalon Ridge Place
Suite 100
Peachtree Corners, GA 30071
(770) 246-3300

CROSS INDEX TO DEED BOOK 64990, PAGE 665, FULTON COUNTY, GEORGIA RECORDS

PARCEL ID:

## TRANSFER AND ASSIGNMENT OF DEED TO SECURE DEBT

MIN Number:
MERS Phone Number: 1-888-679-6377

FOR VALUE RECEIVED MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. AS GRANTEE, AS NOMINEE FOR DAS ACQUISITION COMPANY, LLC , its successors and assigns, as Assignor, whose address is P.O. Box 2026, Flint, MI 48501-2026, has transferred, assigned, conveyed and set over to VILLAGE CAPITAL & INVESTMENT, LLC, as Assignee, whose address is 2550 Paseo Verde Parkway, Suite 100, Henderson, NV 89074, its successors, representatives and assigns all of the assignor's right, title and interest in and to that certain Deed to Secure Debt (or Security Deed), executed by GARTH COOPER to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. AS GRANTEE, AS NOMINEE FOR DAS ACQUISITION COMPANY, LLC, its successors and assigns, dated December 13, 2021, and recorded December 16, 2021, in Deed Book 64990, Page 665, in the Office of the Clerk of the Superior Court of Fulton County, Georgia.

The Assignor herein specifically assigns, transfers and conveys to the Assignee, its successors, representatives and assigns the aforementioned Security Deed and property described therein, together with all the rights, title, interest, powers, options, privileges and immunities contained therein.

The Assignor herein has assigned to the Assignee the aforementioned Security Deed and this transfer is made to secure the Assignee, its successors, representatives and assigns. This Transfer and Assignment of Deed to Secure Debt may memorialize a transfer made by separate agreement(s), which may have occurred prior to this time.

IN WITNESS WHEREOF, the Assignor has hereunto affixed its hand and seal this 8 day of JULY, 22.

Signed, Sealed and Delivered in the presence of:

Unofficial Witness

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. AS GRANTEE, AS NOMINEE FOR DAS ACQUISITION COMPANY, LLC , ITS SUCCESSORS AND ASSIGNS

By:_______________(L.S.)
Printed Name:
Title: ASSISTANT SECRETARY

Attest:_______________(L.S.)
Printed Name: Brooklyn Green
Title: Funding Manager

(Corporate Seal)

Patricia Woods
Notary Public
My Commission Expires: 3/17/2026
(Notary Seal)

PATRICIA WOODS
Notary Public-State of Nevada
APPT. NO. 22-6428-01
My Appt. Expires 03-17-2026

Filed and Recorded 07/22/2022 05:48:00 PM
2022-0255489
CATHELENE ROBINSON
Clerk of Superior Court
Fulton County, GA
Participant IDs. 4705915718

FILE NO.: VCI-22-03547

RECORD AND RETURN TO:
Rubin Lublin, LLC
3145 Avalon Ridge Place
Suite 100
Peachtree Corners, GA 30071
(770) 246-3300

CROSS INDEX TO DEED BOOK 64990, PAGE 665, FULTON COUNTY, GEORGIA RECORDS

VOID

PARCEL ID:

## TRANSFER AND ASSIGNMENT OF DEED TO SECURE DEBT

MIN Number:
MERS Phone Number: 1-888-679-6377

FOR VALUE RECEIVED MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. AS GRANTEE, AS NOMINEE FOR DAS ACQUISITION COMPANY, LLC , its successors and assigns, as Assignor, whose address is P.O. Box 2026, Flint, MI 48501-2026, has transferred, assigned, conveyed and set over to VILLAGE CAPITAL & INVESTMENT, LLC, as Assignee, whose address is 2550 Paseo Verde Parkway, Suite 100, Henderson, NV 89074, its successors, representatives and assigns all of the assignor's right, title and interest in and to that certain *Deed to Secure Debt (or Security Deed)*, executed by GARTH COOPER to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. AS GRANTEE, AS NOMINEE FOR DAS ACQUISITION COMPANY, LLC. its successors and assigns, dated December 13, 2021, and recorded December 16, 2021, in Deed Book 64990, Page 665, in the Office of the Clerk of the Superior Court of Fulton County, Georgia.

The Assignor herein specifically assigns, transfers and conveys to the Assignee, its successors, representatives and assigns the aforementioned Security Deed and property described therein, together with all the rights, title, interest, powers, options, privileges and immunities contained therein.

The Assignor herein has assigned to the Assignee the aforementioned Security Deed and this transfer is made to secure the Assignee, its successors, representatives and assigns. This Transfer and Assignment of Deed to Secure Debt may memorialize a transfer made by separate agreement(s), which may have occurred prior to this time.

IN WITNESS WHEREOF, the Assignor has hereunto affixed its hand and seal this 9 day of Nov, 2022.

Signed, Sealed and Delivered
in the presence of:

[signature]
Unofficial Witness

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. AS GRANTEE, AS NOMINEE FOR DAS ACQUISITION COMPANY, LLC . ITS SUCCESSORS AND ASSIGNS

By: [signature] (L.S.)
Printed Name: Jennifer Otting
Title: Assistant Secretary

Attest: [signature] (L.S.)
Printed Name: Brooklyn Green
Title: Funding Manager

(Corporate Seal)

Patricia Woods [signature]
Notary Public

My Commission Expires: 3/17/2026

(Notary Seal)

PATRICIA WOODS
Notary Public-State of Nevada
APPT. NO. 22-0425-01
My Appt. Expires ...

Deed Book 66183 Pg 497

Nm: G COOPER DocCpy-I CFN DE2022-0335256 ORB DE BK66290-PG0125 Pgs 1-2 Instr:FCD Page : 1 of 2

Deed Book 66290 Page 125
Filed and Recorded 11/03/2022 11:11:00 AM
2022-0335256
CATHELENE ROBINSON
Clerk of Superior Court
Fulton County, GA
Participant IDs: 4705915718

File No: VCI-22-03547

RECORD AND RETURN TO:
Rubin Lublin, LLC
3145 Avalon Ridge Place
Suite 100
Peachtree Corners, GA 30071
(770) 246-3300
PARCEL ID:

CROSS INDEX TO DEED BOOK
64990, PAGE 665, FULTON COUNTY,
GEORGIA RECORDS
PARCEL ID: 12-2944-0781-044-3

STATE OF NEVADA

COUNTY OF CLARK

## DEED UNDER POWER

THIS INDENTURE, dated October 4, 2022, by GARTH COOPER ("Borrower") acting through his or her duly appointed agent and attorney in fact VILLAGE CAPITAL & INVESTMENT, LLC ("Lender") as Party of the First Part, and VILLAGE CAPITAL & INVESTMENT, LLC as Party of the Second Part:

WITNESSETH:

WHEREAS, executed and delivered to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. AS GRANTEE, AS NOMINEE FOR DAS ACQUISITION COMPANY, LLC, ITS SUCCESSORS AND ASSIGNS, that certain Security Deed dated December 13, 2021, and recorded December 16, 2021 in Deed Book 64990, Page 665, Fulton County, Georgia Records, conveying the after-described property, as last transferred to Village Capital & Investment, LLC, by Assignment, if required, pursuant to O.C.G.A. §44-14-162, to secure the payment of a Promissory Note of even date therewith, in the original principal amount of Three Hundred Seventy-Two Thousand One Hundred Thirty-Five and 00/100 dollars ($372,135.00); and

WHEREAS, default in the payment under said Note occurred, and whereas by reason of said default, Lender elected, pursuant to the terms of said Deed and Note, and declared the entire principal and interest immediately due and payable; and

WHEREAS, Lender did perform a diligent search of the bankruptcy records for each known Borrower and determined that Lender was not subject to an automatic stay in bankruptcy both at the time foreclosure proceedings commenced and the time the Property was sold; and

WHEREAS, the entire indebtedness remaining in default, and in accordance with the terms of said Security Deed, Lender did advertise said property for sale once a week for four (4) weeks immediately preceding the sale in the newspaper in Fulton County, Georgia, wherein the Sheriff carried his advertisement, namely The Daily Report; and

WHEREAS, notice was given in compliance with Georgia Laws 1981, Volume I, Page 834, codified as O.C.G.A. §§ 44-14-162.2 and 44-14-162.4. The notice required was rendered by mailing a copy of the Notice of Sale Under Power that was submitted to the publisher of The Daily Report, to the Borrower and any other "Debtor" (as defined by O.C.G.A. § 44-14-162.1) at least thirty (30) days prior to the foreclosure sale date of October 04, 2022; and

WHEREAS, Lender did expose said land for sale to the highest bidder for cash on the first Tuesday in October, 2022, within the legal hours of sale at the Fulton County Courthouse and offered said property for sale at public outcry to the highest bidder for cash when and where Party of the Second Part bid Three Hundred Eighty-Seven Thousand Four Hundred Sixty-Seven and 14/100 dollars ($387,467.14) and;

WHEREAS, said property was auctioned off to the Party of the Second Part for the

Deed Book 66290 Page 126
CATHELENE ROBINSON
Clerk of Superior Court

aforementioned sum of money in cash.

NOW, THEREFORE, in consideration of the premises and said sum of money and by virtue of and in the exercise of the power of sale contained in the Security Deed, the Party of the First Part has bargained, sold, granted and conveyed, and by these presents does hereby bargain, sell, grant and convey to the Party of the Second Part, said Party's representatives, heirs, successors and assigns, the following described property:

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 781, 1ST DISTRICT, 2ND SECTION, FULTON COUNTY, GEORGIA BEING LOT 44, HOLCOMB SPRINGS, AS SHOWN ON PLAT RECORDED IN PLAT BOOK 138, PAGE 36, FULTON COUNTY RECORDS, WHICH PLAT IS INCORPORATED HEREIN AND MADE A PART HEREOF BY REFERENCE.

THIS PROPERTY IS NOW OR WAS FORMERLY KNOWN AS 110 HOLCOMB CT, ALPHARETTA, GA 30022

Together with all rights, members and appurtenances thereto, also all the estate, right, title, interest, claim or demand of Party of the First Part, or said Party's representatives, heirs, successors and assigns, legal, equitable or otherwise whatsoever, in and to the same.

THIS CONVEYANCE IS SUBJECT TO all zoning ordinances; matters which would be disclosed by an accurate survey or by an inspection of the property; any outstanding taxes, including but not limited to ad valorem taxes, which constitute liens upon said property; all restrictive covenants, easements, rights-of-way and any other matters of record superior to said Security Deed.

TO HAVE AND TO HOLD the said property and every part thereof unto the Party of the Second Part and said Party's representatives, heirs, successors and assigns, to said Party's own proper use, benefit and behoof in FEE SIMPLE, in as full and ample a manner as said Party of the First Part or said Party's representatives, heirs, successors and assigns, did hold and enjoy the same.

IN WITNESS WHEREOF, Lender as Attorney in Fact for Borrower has affixed its hand and seal on this 22 day of October, 2022, to be effective as of the date first above written.

Signed, Sealed and Delivered
in the presence of:

[signature]
Unofficial Witness

Patricia Woods
Notary Public

My Commission Expires: 3/17/2026

(Notary Seal)

PATRICIA WOODS
Notary Public-State of Nevada
APPT. NO. 22-8428-01
My Appt. Expires 03-17-2026

BY VILLAGE CAPITAL & INVESTMENT, LLC AS ATTORNEY IN FACT FOR GARTH COOPER

By: Nathan Timpson (L.S.)
Printed Name: Nathan Timpson
Title: Vice President

Attest: [signature] (L.S.)
Printed Name: [illegible]
Title: Assistant Secretary
(Corporate Seal)

# 2021 Georgia Code
## Title 44 - Property
## Chapter 2 - Recordation and Registration of Deeds and Other Instruments
## Article 2 - Land Registration
## Part 8 - Forms
## § 44-2-245. Registration and Recordation of Mortgages

**Universal Citation:** GA Code § 44-2-245 (2021)

**(a) The regular form of mortgaging shall be as follows**: The undersigned ____________________ to secure the following indebtedness ____________________ ____________________ ____________________ mortgages to ____________________ the estate, title, and interest of the undersigned in and to all of the tracts of land described in the certificate of title No. __________, herewith shown, registered as Registered Title No. __________ in the office of the clerk of the Superior Court of ____________________ County, Georgia.

____________________

__ This ______ day of ______________, ______. Signed, sealed, and delivered, in the presence of: ____________________

____________________ ____________________

If only a part or undivided interest is mortgaged, the word "all" shall be stricken and a particular description of the portion or interest mortgaged shall be inserted.

Mortgages executed pursuant to this Code section may be registered as regular instruments as provided in this article. Mortgages in other forms and with other provisions may be registered but shall also be recorded in accordance with the provisions of this article regulating the registration of irregular instruments.

(Ga. L. 1917, p. 108, § 111; Code 1933, § 60-626; Ga. L. 1999, p. 81, § 44.)

RUBINLUBLIN, LLC

## TN Supreme Court Decision

Written by: Smita Gautam, Litigation Attorney, RubinLublin, LLC

On December 11, 2015, the Tennessee Supreme Court issued its opinion in *Mortg. Elec. Registration Sys. v. Ditto*, holding that MERS does not have an interest in property that is protected by due process, and therefore is not entitled to notice of a tax sale. *See* ____ S.W.3d ____, No. E2012-02292-SC-R3-CV, 2015 WL 8488909 (Tenn. Dec. 11, 2015). MERS initiated the lawsuit to attempt to set aside the tax sale of a property in Chattanooga encumbered by a deed of trust in favor of MERS, as nominee for the lender and its successors and assigns.

After the homeowners failed to pay their 2006 property taxes, a delinquent tax suit was filed against them by the county. The homeowners received notice of the tax sale via mail, and the county attempted to serve notice on the lender, but no attempt was made to give notice to MERS. The tax sale was held in 2010, and subsequently confirmed a year later. In 2012, MERS filed its petition against the tax sale purchaser, asserting that the tax sale was void *ab initio* because the county did not give notice of the tax sale to MERS, which was a violation of its due process rights in the property.

In its decision, the Tennessee Supreme Court undertook an extensive analysis of the MERS System. After reviewing case law from around the country, the Court found that "the lender's agreement to appoint MERS as its agent ***does not endow MERS with the lender's property interest or for that matter any independent property interest whatsoever***. The note owner is the actual beneficiary, i.e., the party that benefits from the security interest by its entitlement to payments on the promissory note, secured by the deed of trust," *id.* at *21 (emphasis added), despite the fact

RUBIN LUBLIN, LLC

that Accordingly, the Court held that MERS holds no independent property interest that is protected by due process, is not entitled to notice of a tax sale, and affirmed the dismissal of MERS's complaint. *Id.* at *22.

Given the number of deeds of trust in Tennessee with MERS named as nominee or agent for the lender or its assigns, this case could have had a great impact on any lender servicing a MERS deed of trust in Tennessee (that has not been assigned out of MERS). This is because, under *Ditto*, the county must only send notice to the record noteholder on the deed of trust, who is often not the noteholder at the time of the tax sale. Therefore, unless an assignment was recorded to the current noteholder, notice would go to a party that no longer has any connection to the loan.

However, the Tennessee General Assembly addressed much of this concern by amending the relevant statute. As of July 1, 2015, for the purposes of notices of tax sales, the class of persons now entitled, by statute, to a notice of a tax sale includes "a person or entity named as nominee or agent of the owner of the obligation that is secured by the deed or a deed of trust and that is identifiable from information provided in the deed or a deed of trust, which shall include a mailing address or post office box of the nominee or agent." Tenn. Code Ann. § 67-5-2502(c)(1)(B) (2015). As such, going forward, lenders should be receiving notices of tax sales throughout Tennessee, even if MERS is the named nominee in the deed of trust.

Nevertheless, lenders must remain vigilant, as it is possible that they hold loans on properties lost to tax sales prior to July 1, 2015. If the deed of trust had not been assigned from MERS as of that date, legal options related to lack of notice may be limited in light of *Ditto*.